UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.:

UNITED STATES OF AMERICA,

      Plaintiff,

v.

FOREST HILL GARDENS EAST
CONDOMINIUM ASSOCIATION,
INC. and FOREST HILL GARDENS
PROPERTY OWNERS'
ASSOCIATION, INC.

      Defendants.

_____

## COMPLAINT

Plaintiff, UNITED STATES OF AMERICA ("USA"), by and through its undersigned counsel sues Defendants, FOREST HILL GARDENS EAST CONDOMINIUM ASSOCIATION, INC. and FOREST HILL GARDENS PROPERTY OWNERS' ASSOCIATION, INC., and alleges as follows:

## JURISDICTION AND PARTIES

1.     This is a civil action arising under the Constitution, laws, or treaties of the United States, and this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 and for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 et seq. for the purposes of determining a question of actual controversy between the parties.

2.     This action is brought by the United States on behalf of the Secretary of the Department of Housing and Urban Development (HUD) and has been brought to vindicate the

sovereign rights and pecuniary interests of HUD.

3.     Defendant,   FOREST   HILL   GARDENS   EAST   CONDOMINIUM ASSOCIATION, INC. ("Sub-Association") is a Florida not-for-profit corporation operating within Palm Beach County, Florida such that the Court has personal jurisdiction over it.

4.     Defendant FOREST HILL GARDENS PROPERTY OWNERS' ASSOCIATION, INC,. ("Master Association") is a Florida not-for-profit corporation operating within Palm Beach County, Florida such that the Court has personal jurisdiction over it.

## VENUE

5.     Venue is proper in this Court as the cause of action accrued in Palm Beach County Florida which is within the Southern District of Florida, pursuant to 28 U.S.C. §1391.

## FACTS COMMON TO ALL COUNTS

6.     The Defendant Sub-Association is the entity charged with the maintenance and operation of the Forest Hill Gardens East Condominium in Palm Beach County, Florida. It operates pursuant to Florida Statutes Chapter 718 and is governed by its Declaration of Condominium ("Declaration"), its Bylaws, Articles of Incorporation, and any amendments thereto.

7.     The Defendant Master Association has been the "overall association" defined in and responsible for the duties and obligations set forth in the Covenants and Restrictions (hereinafter "Master Covenants"). The Forest Hill Gardens East Condominium Property is part of the property subject to governance by Master Association.

8.     The Declaration for Sub-Association was recorded on October 28, 1980 in the Official Records of Palm Beach County, Florida Book 3399, Page 612. Article V, Section 8 provides in pertinent part:

2

NON-LIABILITY OF MORTGAGEE OF RECORD: when the mortgagee of a first mortgage of record obtains title to a unit as a result of foreclosure of its first mortgage, or when the mortgagee of a first mortgage of records accepts a deed in lieu of foreclosure, such acquirer of title, its successors and assigns, shall not be liable for the share of common expenses or assessments by the Association pertaining to such unit, or chargeable to the former unit owner of the unit, which became due prior to acquisition of title as a result of the foreclosure or the acceptance of such deed in lieu of foreclosure.

Section 7.7 of the Declaration is attached hereto as Exhibit "A".

9.      The Master Covenants for Master Association were recorded on October 28, 1998, in the Official Records of Palm Beach County, Florida Book 3399, Page 0746. A true and correct copy of said Master Covenants is attached hereto as Exhibit "B".

10.     As owner of real property situated within the Forest Hill Gardens East Condominium, HUD, Master Association and Sub-Association are all parties to both the Declaration and Master Covenants and are bound by same.

11.     On August 14, 2008, Wells Fargo Bank, N.A. ("Wells") issued a first mortgage which encumbered the below property legally described as:

CONDOMINIUM UNIT NO. 203, BUILDING 6048, FOREST HILL GARDENS EAST, A CONDOMINIUM ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF RECORDED IN OFFICIAL RECORD BOOK 3399, PAGE 612, OF THE PUBLIC RECORDS OF PALM BEACH COUNTY, FLORIDA

(the "Property"). The Property is located within Forest Hill Gardens Condominium.

12.     The mortgage was recorded on December 12, 2008 in the Official Records of Palm Beach County Florida in Book 22992 at Page 1806.

13.     On May 10, 2010, Wells Fargo Bank, N.A. obtained a foreclosure judgment as to its mortgage and the Property sold at foreclosure auction where Wells Fargo Bank, N.A. was the successful bidder. A true and correct copy of the Final Judgment is attached hereto as Exhibit "C".

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL 33134
TELEPHONE (305) 262-4433

14.     On November 9, 2010, a Certificate of Title was issued to Wells Fargo Bank, N.A. such that it became the owner of the Property as a result of the foreclosure. A copy of the Certificate of Title was recorded in the Official Records of Palm Beach Book 24186, Page 1263 and is attached hereto as Exhibit "D".

15.     The aforementioned mortgage was guaranteed by HUD and on December 17, 2010, HUD took title to the Property via Special Warranty Deed. A copy of the Special Warranty Deed was recorded in the Official Records of Palm Beach County Book 24267, Page 0268 and is attached hereto as Exhibit "E."

16.     On October 1, 2012, in response to an estoppel request sent by HUD, counsel for the Sub-Association and Master Association, sent a total payoff demand letter encompassing all amounts allegedly owed to both the Master Association and Sub-Association totaling $11,017.26. A copy of the letter is attached hereto as Composite Exhibit "F."

17.     The pay-off letter sought to collect Sub-Association amounts owed against the Property prior to Wells Fargo taking title on November 9, 2010 as well as a variety of other undocumented charges in which HUD was not liable for pursuant to the Declaration, Master Covenants and the Foreclosure Judgment. Also, both Defendants sought to collect inflated amounts for "collection costs", interest, and attorney's fees.

18.     While the Master Association portion of the pay-off letter did properly apply the statutory "safe harbor" amount for assessments, as provided for in Section 720.3085, Florida Statutes[1], said Association also sought to collect inflated amounts for "collection costs", interest,

---

[1] The "Safe Harbor" Provision of Section 720.3085 provides: (c) Notwithstanding anything to the contrary contained in this section, the liability of a first mortgagee, or its successor or assignee as a subsequent holder of the first mortgage who acquires title to a parcel by foreclosure or by deed in lieu of foreclosure for the unpaid assessments that became due before the mortgagee's acquisition of title, shall be the lesser of: (1) The parcel's unpaid common expenses and regular periodic or special assessments that accrued or came due during the 12 months immediately preceding the acquisition of title and for which payment in full has not been received by the association; or (2). One percent of the original mortgage debt.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR · CORAL GABLES, FL 33134
TELEPHONE (305) 262-4433

and attorney's fees.

19.    On February 3, 2012, Sub-Association filed a claim of lien against Plaintiff's property. The lien was recorded in the Official Records of Palm Beach County in Book 2502 at Page 1514. A copy of that lien is attached hereto as Exhibit "G."[2]

20.    HUD advised Sub-Association of their objections but they failed to respond, failed to release the Claim of Lien and failed to issue an accurate estoppel certificate.

21.    Sub-Association's failure to release the lien and issue an accurate estoppel certificate resulted in the expiration of a potential contract for the sale of the Property. The contract fell through due to Sub-Association's continued demand for improperly taxed amounts, interest, legal fees and costs.

22.    The Master Association also failed to issue an accurate estoppel certificate resulting in the expiration of a potential contract for the sale of the Property.  The contract fell through due to Master Association's continued demand for improperly taxed collection costs, interest, legal fees and costs.

23.    As a result of both the Sub-Association's and Master Association's actions, HUD has suffered a pecuniary loss in the form of additional carrying costs for the Property and depreciated fair market value.

24.    Plaintiff has engaged the undersigned attorney and has agreed to pay the attorney a reasonable fee and seeks recovery of said fee as part of this action.

## COUNT I - DECLARATORY RELIEF AGAINST ALL DEFENDANTS

25.    Plaintiff reasserts and incorporates by reference the allegations contained in Paragraphs 1 through 24, as though fully set forth herein.

---

[2] While HUD does not dispute its obligation to pay regularly accruing assessments, it does dispute the unauthorized charges Defendant Sub-Association is seeking.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL 33134
TELEPHONE (305) 262-4433

26.     A dispute has arisen between Plaintiff and Sub-Association as to whether HUD is liable for certain Sub-Association assessments, interest, late fees, legal fees or costs and non-litigation fees and costs which accrued prior to Wells Fargo taking title on November 9, 2010, and what is HUD's liability, if any, to said Defendants.

27.     Sub-Association, through its pay-off letter, has asserted that HUD is liable to it for 1% of the original mortgage amount (i.e. safe harbor amount) plus certain inflated collection costs, interest, late fees, attorney fees, and other charges including the legal fees and costs which the Defendants incurred in its collection prior attempts.

28.     In the instant case, the Sub-Association's Declaration was in effect since 1980 and thus Wells Fargo became a third party beneficiary of the Declaration when it issued its initial mortgage in December of 2008.

29.     The pay-off figures provided by the Sub-Association are in contravention of its Declaration and Section 718.116, Florid Statutes, as they do not reallocate the amounts due prior to Wells Fargo taking title. Rather, the Defendants seek to collect these amounts from the post-foreclosure owner of the Property (i.e., HUD).

30.     In taking title from Wells Fargo, HUD was provided the same protection by the Declaration and is therefore:

    a.  not liable for any amounts which accrued against the Property prior to November 9, 2010 when Wells Fargo took title;

    b.  not liable for any legal fees or costs which the Defendants claim entitlement to for any efforts to collect assessments which Wells Fargo and HUD are not responsible for paying;

    c.  not liable for any pre-litigation fees and costs incurred by the Defendants; and

6

      d.  only liable for assessments, interest, and late fees which accrued against the Property after November 9, 2010 when Wells Fargo took title.

31.     On its face, the Claim of Lien is invalid as it seeks to encumber the Property for more money than HUD is legally required to pay, including $1,488.57 in interest and $6,799.50 in "other" charges.

32.     An actual existing and bona fide controversy exists between Plaintiff and Sub-Association as to whether HUD is liable for any interest, collection costs, late fees, legal fees or costs and pre-litigation fees and costs which accrued prior to Wells Fargo taking title; and whether Federally owned property may be foreclosed and as such the rights and obligations of the parties can be determined only by a declaratory judgment.

33.     In regards to the Master Association and Plaintiff, a dispute has arisen between the parties as to whether HUD is liable for certain inflated collection costs, interest, late fees, legal fees and non-litigation fees in which the Master Association is seeking to collect directly from it via its October 1, 2012 pay-off letter.

34.     Master Association, through its pay-off letter, has asserted that HUD is liable for paying various inflated amounts for collection costs, interest, and attorney's fees.

35.     The inflated pay-off figures provided by the Master Association are in contravention of its Master Covenants and § 720.3085, Florida Statutes.

36.     In taking title from Wells Fargo, HUD was provided the same protection by the Master Covenants and § 720.3085 and is therefore not liable for the various inflated amounts for collection costs, interest, and attorney's fees listed within the Master Association's October 1, 2012 pay-off letter.

37.     An actual existing and bona fide controversy exists between Plaintiff and Master

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL 33134
TELEPHONE (305) 262-4433

Association as to whether HUD is liable for the inflated collection costs, assessments, interest, late fees, legal fees or costs and non-litigation fees which all appear on the Master Association's October 1, 2012 pay-off letter.

38.     This is an appropriate action for a declaratory judgment, as authorized by Title 28 U.S.C. §2201, because an actual controversy, as more fully described herein, has arisen and now exists between the Plaintiff and the Defendants concerning their respective rights and obligations, Plaintiff is suffering actual and threatened harm by virtue of the actions of the Defendants.

WHEREFORE, Plaintiff, USA, prays

a.     That this Court enter a judgment declaring

1.   That HUD is not liable for Sub-Association late fees, legal fees and costs which accrued against the Property prior November 9, 2010 when Wells Fargo took title;

2.   That HUD is not liable for legal fees and costs which Sub-Association claims they incurred following Wells Fargo taking title given the Defendants incurred these legal fees and costs by attempting to recover funds it was not owed and refusing to remedy their error;

3.   That HUD is only liable for Sub-Association assessments, interest, and late fees which accrued against the PROPERTY after November 9, 2010, when Wells Fargo took title;

4.   That any purchaser of the Property from HUD is only liable for those Sub-Association assessments, interest and late fees which accrue against the Property from the date the purchaser takes title forward;

8

> 5. That HUD is not liable for those certain inflated collection costs, assessments, interest, late fees, legal fees or costs and non-litigation fees which all appear on the Master Association's October 1, 2012 pay-off letter.

b.     That this Court award the Plaintiff any such other and further relief as the Court deems just and proper.

## COUNT II – SLANDER OF TITLE  AGAINST FOREST HILL GARDENS EAST CONDOMINIUM ASSOCIATION, INC.

39.     USA reasserts and incorporates by reference the allegations contained in Paragraphs 1 through 24, as though fully set forth herein.

40.     The Claim of Lien is false and untrue and was wrongfully and maliciously filed by Sub-Association, in an attempt to charge HUD assessments that HUD does not owe and excessive attorneys' fees and costs which would otherwise be uncollectible.

41.     As an intentional act, Sub-Association is liable for damages which HUD incurred as a result of the filing of the lien.

42.     Plaintiff has engaged the undersigned attorney to dissolve the above-described Claim of Lien and has agreed to pay the attorney a reasonable fee and seeks recovery of said fee as part of this action.

WHEREFORE, Plaintiff, USA prays

a.     That this Court enter a judgment declaring that real property owned by the USA is constitutionally immune from foreclosure;

b.     That this Court enter a judgment declaring that the Sub-Associaiton's lien is incorrect;

c.     That this Court award USA damages, its costs, and reasonable attorney fees;

d.     That this Court award the USA such other and further relief as the Court deems

9

just and proper.

## COUNT III – BREACH OF CONTRACT AGAINST ALL DEFENDANTS

43.     Plaintiff reasserts and incorporates by reference the allegations contained in Paragraphs 1 through 24, as though fully set forth herein.

44.     Sub-Association's demand that HUD owes the subject inflated amounts, interest, legal fees and costs prior to November 9, 2010 when Wells Fargo took title violates Section 7.7 of its Declaration of Condominium.

45.     These subject amounts are not properly collectable from the Plaintiff pursuant to Section 7.7 of the Declaration.

46.     Said Declaration provides an award of attorneys' fees to Sub-Association if litigation ensues regarding a violation of the Declaration. Florida Statute § 57.105(7) makes said provision reciprocal. Finally, Florida Statute § 718.303 provides for an award of attorneys' fees to the prevailing party in disputes regarding the governing documents and Florida Statutes Chapter 718.

47.     Master-Association's demand that HUD owes the subject inflated collection costs, interest, legal fees and late fees violates Sections 6.1 and 6.10.2 of its Master Covenants.

48.     These subject amounts are not properly collectable from the Plaintiff pursuant to the Master Covenants.

49.     Said Master Declaration provides an award of attorneys' fees to Sub-Association if litigation ensues regarding a violation of the Declaration. Florida Statute § 57.105(7) makes said provision reciprocal. Finally, § 720.305, Florida Statute, provides for an award of attorneys' fees to the prevailing party in disputes regarding the governing documents.

50.     Plaintiff has retained the undersigned attorney and has agreed to pay the attorney

10

a reasonable fee for the services rendered on this issue.

WHEREFORE, Plaintiff, USA, prays

a.      That this Court enter judgment in favor of USA finding that Sub-Association and Master Association violated their governing documents and determine the actual amount HUD owes for maintenance.

b.      That this Court enter a judgment declaring that the Sub-Association's lien is incorrect;

c.      That this Court enter judgment awarding costs and legal fees against Sub-Association pursuant to §718.303, Fla. Stat. (2011) and the Declaration;

d.      That this Court enter judgment awarding costs and legal fees against Master Association pursuant to §720.305, Fla. Stat. (2011) and the Master Covenants; and

e.      That this Court award the USA such other relief as the Court may deem just and equitable.

Dated:  May 15, 2013

                                        Respectfully Submitted,

                                        BECKER & POLIAKOFF, P.A.
                                        Attorneys for Plaintiff
                                        121 Alhambra Plaza, 10th Floor
                                        Coral Gables, FL  33134
                                        Telephone:  (305) 262-4433
                                        Facsimile:  (305) 442-2232

                                        By:  s/ Steven M. Davis
                                        Steven M. Davis, Esq.
                                        Florida Bar No. 894249
                                        SDavis@becker-poliakoff.com

ACTIVE: U06092/337499:4657304_1

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR · CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433