**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
West Palm Beach Division
9:13-cv-80513-DTKH (Hurley/Hopkins)

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

FOREST HILL GARDENS EAST
CONDOMINIUM ASSOCIATION, INC., and
FOREST HILL GARDENS PROPERTY
OWNERS' ASSOCIATION, INC.,

      Defendants.

_____/

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendants, FOREST HILL GARDENS EAST CONDOMINIUM ASSOCIATION, INC. (hereinafter "Condo Association"), and FOREST HILL GARDENS PROPERTY OWNERS' ASSOCIATION, INC. (hereinafter "Master Association") (collectively "Associations"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 8, hereby files their Answer, Affirmative Defenses, and Counterclaim against Plaintiff, UNITED STATES OF AMERICA (hereinafter "USA"), and states as follows:

## JURISDICTION AND PARTIES

1. Associations admit the allegations of paragraph 1 of Plaintiff's complaint for jurisdictional purposes only.

2. Associations are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 2 of Plaintiff's complaint.

3. Associations admit the allegations of Paragraph 3 of Plaintiff's complaint.

4. Associations admit the allegations of Paragraph 4 of Plaintiff's complaint.

1

## VENUE

5.   Associations admit the allegations of Paragraph 5 of Plaintiff's complaint for venue purposes only.

## FACTS COMMON TO ALL COUNTS

6.   Associations admit the allegations of Paragraph 6 of Plaintiff's complaint.

7.   Associations admit the allegations of Paragraph 7 of Plaintiff's complaint.

8.   Associations admit the recording information and quoted language from section 7.7 of the Declaration, but deny the remaining allegations of Paragraph 8 of Plaintiff's complaint.

9.   Associations deny the allegations of Paragraph 9 of Plaintiff's complaint.

10.   Associations admit the allegations of Paragraph 10 of Plaintiff's complaint.

11.   Associations admit the allegations of Paragraph 11 of Plaintiff's complaint.

12.   Association admits the allegations of Paragraph 12 of Plaintiff's complaint.

13.   Associations admit the allegations of Paragraph 13 of Plaintiff's complaint.

14.   Associations admit the allegations of Paragraph 14 of Plaintiff's complaint.

15.   Associations admit the Special Warranty Deed and the recording information by are without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 15 of Plaintiff's complaint.

16.   Associations deny the allegations of Paragraph 16 of Plaintiff's complaint.

17.   Associations deny the allegations of Paragraph 17 of Plaintiff's complaint.

18.   Associations deny the allegations of Paragraph 18 of Plaintiff's complaint.

19.   Associations admit the allegations of Paragraph 19 of Plaintiff's complaint.

20.   Associations deny the allegations of Paragraph 20 of Plaintiff's complaint.

21. Associations deny the allegations of Paragraph 21 of Plaintiff's complaint.

22. Associations deny the allegations of Paragraph 22 of Plaintiff's complaint.

23. Associations deny the allegations of Paragraph 23 of Plaintiff's complaint.

24. Associations are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 24 of Plaintiff's complaint.

### COUNT I – DECLARATORY RELIEF AGAINST ALL DEFENDANTS

25. Associations repeat their responses to Paragraphs 1 through 24 of Plaintiff's complaint.

26. Associations admit the allegations of Paragraph 26 of Plaintiff's complaint.

27. Associations admit Condo Association asserts that Plaintiff is liable for 1% of the original mortgage debt, interest, late fees, costs of collection, attorneys' fees and costs, but denies the allegations of Paragraph 27 of Plaintiff's complaint to the extent it implies any wrong doing.

28. Associations deny the allegations of Paragraph 28 of Plaintiff's complaint.

29. Associations deny the allegations of Paragraph 29 of Plaintiff's complaint.

30. Associations deny the allegations of Paragraph 30 of Plaintiff's complaint.

31. Associations deny the allegations of Paragraph 31 of Plaintiff's complaint.

32. Associations admit the allegations of Paragraph 32 of Plaintiff's complaint.

33. Associations admit the allegations of Paragraph 33 of Plaintiff's complaint.

34. Associations deny the allegations of Paragraph 34 of Plaintiff's complaint.

35. Associations deny the allegations of Paragraph 35 of Plaintiff's complaint.

36. Associations deny the allegations of Paragraph 36 of Plaintiff's complaint.

37. Associations admit the allegations of Paragraph 37 of Plaintiff's complaint.

38. Associations admit the allegations of Paragraph 38 of Plaintiff's complaint.

WHEREFORE, Associations pray that this Court hold that the Plaintiff is liable to each Association for 1% of the original mortgage debt towards assessment that accrued prior to issuance of Certificate of Title to Wells Fargo Bank, N.A., for all assessments that came due since the acquisition of title by Wells Fargo Bank, N.A., and for all interest, late fees, costs, and reasonable attorneys' fees incurred for collection that have accrued on the accounts; award Association attorney's fees and costs in defending this action pursuant to the Declarations of Condominium and section 718.303, Florida Statutes; and grant any other relief that is just and proper.

### COUNT II – SLANDER OF TITLE AGAINST FOREST HILL GARDENS EAST CONDOMINIUM ASSOCIATION, INC.

39. Associations repeat their responses to Paragraphs 1 through 24 of Plaintiff's complaint.

40. Associations deny the allegations of Paragraph 40 of Plaintiff's complaint.

41. Associations deny the allegations of Paragraph 41 of Plaintiff's complaint.

42. Associations are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 42 of Plaintiff's complaint.

WHEREFORE, Associations pray that this Court dismiss Count II of Plaintiff's complaint with prejudice; award Associations their attorneys' fees and costs in defending this action; and grant any other relief that is just and proper.

### COUNT III – BREACH OF CONTRACT AGAINST ALL DEFENDANTS

43. Associations repeat their responses to Paragraphs 1 through 24 of Plaintiff's complaint.

44. Associations deny the allegations of Paragraph 44 of Plaintiff's complaint.

45. Associations deny the allegations of Paragraph 45 of Plaintiff's complaint.

46. Associations admit the Declaration and statutory provisions but deny any allegations as to liability in Paragraph 46 of Plaintiff's complaint.

4

47.  Associations deny the allegations of Paragraph 47 of Plaintiff's complaint.

48.  Associations deny the allegations of Paragraph 48 of Plaintiff's complaint.

49.  Associations admit the Declaration and statutory provisions but deny any allegations as to liability in Paragraph 49 of Plaintiff's complaint.

50.  Associations are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 50 of Plaintiff's complaint.

WHEREFORE, Associations pray that this Court dismiss Count III of Plaintiff's complaint with prejudice; award Association its attorneys' fees and costs in defending this action; and grant any other relief that is just and proper.

## FIRST AFFIRMATIVE DEFENSE
## PLAINTIFF DID NOT HAVE A VESTED INTEREST IN THE DECLARATION

51.  Plaintiff asserts that it had a vested interest in the Declarations from the date of recordation of the Declarations in the Public Records.

52.  This contention is without merit as Plaintiff's interest in the Declarations vested only when Plaintiff acquired title to the subject property.

53.  Therefore, Plaintiff's liability for assessments is governed by sections 718.116(1)(b)1. and 720.3085(2)(c), Florida Statutes (2010).

54.  Even if the Plaintiff is entitled to the protection provided to Wells Fargo Bank, N.A., as Plaintiff's predecessor in title, Wells Fargo Bank, N.A.'s interest in the Declarations did not vest until August 14, 2008, and Plaintiff's liability for assessments is subject to sections 718.116(1)(b)1. and 720.3085(2)(c), Florida Statutes (2008).

WHEREFORE, Associations pray that this Court uphold the estoppels provided by the Associations; award attorneys' fees and costs in defending this action; and grant any other relief that is just and proper.

## SECOND AFFIRMATIVE DEFENSE
## INCORPORATION OF STATUTE BY REFERENCE

55.  The Declaration of Condominium incorporates Florida Statutes by reference.

56.  Section 7.6.1 of the Declaration of Condominium provides that the "lien shall be effective as and in the manner provided for by the Condominium Act and shall have the priorities established by said act." *See Exhibit "A."*

57.  Plaintiff was on notice that amendments to statutes may affect the mortgage lien priorities as against the Condo Association's lien, and such amendments are enforceable against Plaintiff. *See Kaufman v. Shere*, 347 So. 2d 627, 628 (Fla. Dist. Ct. App. 1997).

WHEREFORE, Associations pray that this Court uphold the estoppels provided by the Associations; award attorneys' fees and costs in defending this action; and grant any other relief that is just and proper.

## THIRD AFFIRMATIVE DEFENSE
## ASSOCIATIONS' ESTOPPELS COMPLIED WITH REQUIREMENTS OF LAW

58.  Associations demanded payment in the amount of 1% of the original mortgage debt for assessments that were delinquent prior to November 9, 2010, all Assessments since November 9, 2010, and for interest, late fees, costs, and attorneys' fees incurred in collection. *See Exhibit "F" to Complaint.*

59.  Sections 718.116(1)(b)1. and 720.3085(2)(c), Florida Statutes, limit a first mortgagee's liability only as to *assessments* that came due prior to its acquisition of title, while silent as to the liability for interest, late fees, costs, and attorneys' fees.  Unlike in sections 718.116(1)(b)1. and 720.3085(2)(c), the corollary provisions in sections 718.116(1)(b)2. and 720.3085(2)(d) specifically provide for limitation of liability as to interest, costs, and attorneys' fees.

WHEREFORE, Associations pray that this Court uphold the estoppels provided by the Associations; award attorneys' fees and costs in defending this action; and grant any other relief that is just and proper.

### FOURTH AFFIRMATIVE DEFENSE
### FAILURE TO STATE A CAUSE OF ACTION FOR SLANDER OF TITLE

60. In Count II, Plaintiff fails to allege any actual damages caused by the Condo Association's Claim of Lien.

61. Actual damages are an essential element of the cause of action for slander of title. *See Lehman v. Goldin*, 36 So. 2d 259, 260 (Fla. 1948).

WHEREFORE, Associations pray that this Court dismiss Count II of Plaintiff's complaint with prejudice, award association attorneys' fees and costs in defending this action, and grant any other relief that is just and proper.

### FIFTH AFFIRMATIVE DEFENSE
### PRIVILEGE

62. Condo Association is protected against suit for slander of title based on its Claim of Lien as the Condo Association was statutorily authorized to file a Claim of Lien for unpaid assessments, late fees, interest, costs, and attorneys' fees incurred in collections. *See, e.g.*, *McDonald v. McGovern*, 402 So. 2d 1197, 1200 (Fla. Dist. Ct. App. 1981).

63. Plaintiff was delinquent in the payment of assessments at the time of recording of the Claim of Lien.

WHEREFORE, Associations pray that this Court dismiss Count II of Plaintiff's complaint with prejudice, award association attorneys' fees and costs in defending this action, and grant any other relief that is just and proper.

## SIXTH AFFIRMATIVE DEFENSE
## FAILURE TO STATE A CAUSE OF ACTION FOR BREACH OF CONTRACT

64. In Count III, Plaintiff fails to allege any actual damages caused by the Associations' alleged breach of contract.

65. Actual damages are an essential element of the cause of action for breach of contract. *See Scott-Steven Dev. Corp. v. Gables by the Sea, Inc.*, 167 So. 2d 763, 764 (Fla. 1948).

WHEREFORE, Associations pray that this Court dismiss Count III of Plaintiff's complaint with prejudice, award association attorneys' fees and costs in defending this action, and grant any other relief that is just and proper.

## SEVENTH AFFIRMATIVE DEFENSE
## BREACH BY PLAINTIFF

66. Plaintiff's claims for breach of contract are barred by Plaintiff's own breach.

67. Plaintiff breached the contract by failure to pay assessments as they became due.

WHEREFORE, Associations pray that this Court dismiss Count III of Plaintiff's complaint with prejudice, award association attorneys' fees and costs in defending this action, and grant any other relief that is just and proper.

## EIGHTH AFFIRMATIVE DEFENSE
## UNCLEAN HANDS

68. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. Plaintiff's prior breach of its contractual obligations and its wrongful and illegal conduct preclude plaintiff from seeking to invoke the court's equitable jurisdiction.

69. Plaintiff failed to meet its obligation to pay assessments under both the statute and declaration for nearly 3 years.

70. By failing to pay its assessments Plaintiff has violated sections 718.116(1) and 720.3085(2), Florida Statutes.

71. Plaintiff now seeks protection under the very statutes that it itself violated every day for the past three years.

72. Defendant has been injured by Plaintiff's failure to remit assessments.

73. Plaintiff's failure to remit assessments for the past 3 years has resulted in increased assessments to the paying unit owners causing additional delinquencies to the Association and hardship upon its owners.

74. HUD's failure to take any responsibility for its unit in this association, pay any assessments, or contribute to the community in any fashion has weakened the community and decreased the quality of life of the paying unit owners in this association.  Doing so despite violating even its own Mission found on http://portal.hud.gov/hudportal/HUD?src=/about/mission.

75. Plaintiff clearly comes to the court with unclean hands seeking the court's equitable determination and even asks the court to order the Association to pay it money.  Such conduct is conscionable.

WHEREFORE, Associations pray that this Court dismiss Plaintiff's complaint with prejudice, award association attorneys' fees and costs in defending this action, and grant any other relief that is just and proper.

## NINTH AFFIRMATIVE DEFENSE
## DOCTRINE OF LACHES

76. Plaintiff is guilty of laches and excessive delay in bringing this action in that plaintiff failed to notify defendant of the claim on which this action is based until May 29, 2013, although plaintiff had known of such claim since on or about December 17, 2010, when Plaintiff took title to the Property.

77. To allow plaintiff at this late date to assert this cause of action against would be unconscionable.

78. Plaintiff failed to meet its obligation to pay assessments under both the statute and declaration for nearly 3 years.

79. Associations are prejudiced by the Plaintiff's delay in asserting its rights.

WHEREFORE, Associations pray that this Court dismiss Plaintiff's complaint with prejudice, award association attorneys' fees and costs in defending this action, and grant any other relief that is just and proper.

## TENTH AFFIRMATIVE DEFENSE
## WAIVER AND ESTOPPEL

80. Plaintiff's rights that it asserts existed at the time of acquisition of title.

81. Plaintiff's alleged rights under the Declaration of Condominium or the Declaration of Covenants and Restrictions are subject to knowing and voluntary waiver by Plaintiff.

82. Plaintiff knew of the alleged rights as of the date of acquisition of title by recorded instrument as alleged by Plaintiff.

83. Plaintiff relinquished any alleged right by failure to make payments for assessments within 30 days of acquisition of title as required by section 719.116(1)(c).

84. Moreover, Plaintiff reaped the benefits of amenities provided by the Associations in form of protection of its equity in the property and provision of utilities, without making any contribution towards maintenance assessments.

85. Consequently, Plaintiff is estopped from claiming any rights under the Declarations for a reduction of amounts due and owing to the Association.

WHEREFORE, Associations pray that this Court dismiss Plaintiff's complaint with prejudice, award association attorneys' fees and costs in defending this action, and grant any other relief that is just and proper.

## COUNTERCLAIM

Associations, by and through their undersigned counsel, sues Plaintiff for money damages and states as follows:

## JURISDICTION AND VENUE

86. This Court has subject matter jurisdiction over the Associations' Counterclaims pursuant to 28 U.S.C. §1367.

87. This Court has personal jurisdiction over the parties.

88. Venue is proper in the Southern District of Florida.

## COUNT I – DAMAGES FOR UNPAID ASSESSMENTS OWED TO CONDO ASSOCIATION ON UNIT 6048-203

89. Associations reallege and incorporate the allegations of Paragraphs 86 through 88 as if specifically stated herein.

90. Wells Fargo Bank, N.A., as first mortgagee, acquired title to Condominium Unit No. 203, in Building 6048, at its foreclosure sale by a Certificate of Title recorded November 9, 2010, in the Official Records Book 24186, at page 1263, of the Public Records of Palm Beach County, Florida.

91. Subsequently, Plaintiff acquired title to the subject property by Special Warranty Deed recorded December 17, 2010, in the Official Records Book 24267, at page 268, of the Public Records of Palm Beach County, Florida.

92. Plaintiff owes a statutory and contractual duty to pay assessments, interest, late fees, costs, and attorneys' fees that came due during its ownership and Wells Fargo Bank,

N.A.'s ownership of the property, and the amounts determined by application of section 718.116, Florida Statutes.

93.   Plaintiff has breached its statutory and contractual duty by failing or refusing to pay the amounts due.

94.   Within 30 days of acquiring title to its unit, Plaintiff failed to pay the Association any amount towards the past due assessments, interest, late fees, collections costs, and attorneys' fees owed on the unit.

95.   Plaintiff failed to pay assessments, interest, and late fees due for Quarter 1, 2011, starting in January.

96.   Plaintiff failed to pay assessments, interest, and late fees due for Quarter 2, 2011, starting in April.

97.   Plaintiff failed to pay assessments, interest, and late fees due for Quarter 3, 2011, starting in July.

98.   Plaintiff failed to pay assessments, interest, and late fees due for Quarter 4, 2011, starting in October.

99.   Plaintiff failed to pay assessments, interest, and late fees due for Quarter 1, 2012, starting in January.

100.  Plaintiff failed to pay assessments, interest, and late fees due for Quarter 2, 2012, starting in April.

101.  Plaintiff failed to pay assessments, interest, and late fees due for Quarter 3, 2012, starting in July.

102.  Plaintiff failed to pay assessments, interest, and late fees due for Quarter 4, 2012, starting in October.

103.  Plaintiff failed to pay assessments, interest, and late fees due for January 2013.

104.  Plaintiff failed to pay assessments, interest, and late fees due for February 2013.

105.  Plaintiff failed to pay assessments, interest, and late fees due for March 2013.

106.  Plaintiff failed to pay assessments, interest, and late fees due for April 2013.

107.  Plaintiff failed to pay assessments, interest, and late fees due for May 2013.

108.  Plaintiff failed to pay assessments, interest, and late fees due for June 2013.

109.  Plaintiff's breach has caused hardship to the community and caused increased assessments for paying condominium unit owners and increased foreclosure rates within the community.

110.  Plaintiff's Breach is the direct and proximate cause of Condo Association's damages.

111.  Condo Association has suffered monetary damages.

112.  Association incurred costs associated with attempting to collect the debt created by HUD's failure to pay assessments.

WHEREFORE, Condo Association demands judgment against Plaintiff of assessments, interest, late fees, costs, and attorneys' fees, and for any other relief that is just and proper.

### COUNT II – DAMAGES FOR UNPAID ASSESSMENTS OWED TO MASTER ASSOCIATION ON UNIT 6048-203

113.  Associations reallege and incorporate the allegations of Paragraphs 86 through 88 as if specifically stated herein.

114.  Wells Fargo Bank, N.A., as first mortgagee, acquired title to Condominium Unit No. 203, in Building 6048, at its foreclosure sale by a Certificate of Title recorded November 9, 2010, in the Official Records Book 24186, at page 1263, of the Public Records of Palm Beach County, Florida.

115. Subsequently, Plaintiff acquired title to the subject property by Special Warranty Deed recorded December 17, 2010, in the Official Records Book 24267, at page 268, of the Public Records of Palm Beach County, Florida.

116. Plaintiff owes a statutory and contractual duty to pay assessments, interest, late fees, costs, and attorneys' fees that came due during its ownership and Wells Fargo Bank, N.A.'s ownership of the property, and the amounts determined by application of section 720.3085(2)(c), Florida Statutes.

117. Plaintiff has breached its statutory and contractual duty by failing or refusing to pay the amounts due.

118. Within 30 days of acquiring title to its unit, Plaintiff failed to pay the Association any amount towards the past due assessments, interest, late fees, collections costs, and attorneys' fees owed on the unit.

119. Plaintiff failed to pay assessments, interest, and late fees due for Quarter 1, 2011, starting in January.

120. Plaintiff failed to pay assessments, interest, and late fees due for Quarter 2, 2011, starting in April.

121. Plaintiff failed to pay assessments, interest, and late fees due for Quarter 3, 2011, starting in July.

122. Plaintiff failed to pay assessments, interest, and late fees due for Quarter 4, 2011, starting in October.

123. Plaintiff failed to pay assessments, interest, and late fees due for Quarter 1, 2012, starting in January.

124.  Plaintiff failed to pay assessments, interest, and late fees due for Quarter 2, 2012, starting in April.

125.  Plaintiff failed to pay assessments, interest, and late fees due for July 2012.

126.  Plaintiff failed to pay assessments, interest, and late fees due for August 2012.

127.  Plaintiff failed to pay assessments, interest, and late fees due for September 2012.

128.  Plaintiff failed to pay assessments, interest, and late fees due for October 2012.

129.  Plaintiff failed to pay assessments, interest, and late fees due for November 2012.

130.  Plaintiff failed to pay assessments, interest, and late fees due for December 2012.

131.  Plaintiff failed to pay assessments, interest, and late fees due for January 2013.

132.  Plaintiff failed to pay assessments, interest, and late fees due for February 2013.

133.  Plaintiff failed to pay assessments, interest, and late fees due for March 1, 2013.

134.  Plaintiff failed to pay assessments, interest, and late fees due for April 2013.

135.  Plaintiff failed to pay assessments, interest, and late fees due for May 2013.

136.  Plaintiff failed to pay assessments, interest, and late fees due for June 2013.

137.  Master Association paid utility bills for Plaintiff's condominium unit during the time Plaintiff held title to the unit.

138.  Plaintiff's breach has caused hardship to the community and caused increased assessments for paying condominium unit owners and increased foreclosure rates within the community.

139.  Plaintiff's Breach is the direct and proximate cause of Condo Association's damages.

140.  Master Association has suffered monetary damages.

141.  Association incurred costs associated with attempting to collect the debt created by HUD's failure to pay assessments.

WHEREFORE, Master Association demands judgment against Plaintiff of assessments, interest, late fees, costs, and attorneys' fees, and for any other relief that is just and proper.

### COUNT III – DAMAGES FOR UNPAID ASSESSMENTS OWED TO CONDO ASSOCIATION ON UNIT 6106-205

142. Associations reallege and incorporate the allegations of Paragraphs 86 through 88 as if specifically stated herein.

143. Midfirst Bank as first mortgagee, acquired title to Condominium Unit No. 205, in Building 6106, at its foreclosure sale by a Certificate of Title recorded November 23, 2010, in the Official Records Book 24212, at page 1178, of the Public Records of Palm Beach County, Florida.

144. Subsequently, Plaintiff acquired title to the subject property by Warranty Deed recorded March 19, 2011, in the Official Records Book 24416, at page 1612, of the Public Records of Palm Beach County, Florida.

145. Plaintiff owes a statutory and contractual duty to pay assessments, interest, late fees, costs, and attorneys' fees that came due during its ownership and Midfirst Bank's ownership of the property, and the amounts determined by application of section 718.116(1)(b)1., Florida Statutes.

146. Plaintiff has breached its statutory and contractual duty by failing or refusing to pay the amounts due.

147. Within 30 days of acquiring title to its unit, Plaintiff failed to pay the Association any amount towards the past due assessments, interest, late fees, collections costs, and attorneys' fees owed on the unit.

148. Plaintiff failed to pay assessments, interest, and late fees due for Quarter 1, 2011, starting in January.

16

149. Plaintiff failed to pay assessments, interest, and late fees due for Quarter 2, 2011, starting in April.

150. Plaintiff failed to pay assessments, interest, and late fees due for Quarter 3, 2011, starting in July.

151. Plaintiff failed to pay assessments, interest, and late fees due for Quarter 4, 2011, starting in October.

152. Plaintiff failed to pay assessments, interest, and late fees due for Quarter 1, 2012, starting in January.

153. Plaintiff failed to pay assessments, interest, and late fees due for Quarter 2, 2012, starting in April.

154. Plaintiff failed to pay assessments, interest, and late fees due for Quarter 3, 2012, starting in July.

155. Plaintiff failed to pay assessments, interest, and late fees due for Quarter 4, 2012, starting in October.

156. Plaintiff failed to pay assessments, interest, and late fees due for January 2013.

157. Plaintiff failed to pay assessments, interest, and late fees due for February 2013.

158. Plaintiff failed to pay assessments, interest, and late fees due for March 2013.

159. Plaintiff failed to pay assessments, interest, and late fees due for April 2013.

160. Plaintiff failed to pay assessments, interest, and late fees due for May 2013.

161. Plaintiff failed to pay assessments, interest, and late fees due for June 2013.

162. Plaintiff's breach has caused hardship to the community and caused increased assessments for paying condominium unit owners and increased foreclosure rates within the community.

163. Plaintiff's Breach is the direct and proximate cause of Condo Association's damages.

164. Condo Association has suffered monetary damages.

165. Association incurred costs associated with attempting to collect the debt created by HUD's failure to pay assessments.

WHEREFORE, Condo Association demands judgment against Plaintiff of assessments, interest, late fees, costs, and attorneys' fees, and for any other relief that is just and proper.

### COUNT IV – DAMAGES FOR UNPAID ASSESSMENTS OWED TO MASTER ASSOCIATION ON UNIT 6106-205

166. Associations reallege and incorporate the allegations of Paragraphs 86 through 88 as if specifically stated herein.

167. Midfirst Bank as first mortgagee, acquired title to Condominium Unit No. 205, in Building 6106, at its foreclosure sale by a Certificate of Title recorded November 23, 2010, in the Official Records Book 24212, at page 1178, of the Public Records of Palm Beach County, Florida.

168. Subsequently, Plaintiff acquired title to the subject property by Warranty Deed recorded March 19, 2011, in the Official Records Book 24416, at page 1612, of the Public Records of Palm Beach County, Florida.

169. Plaintiff owes a statutory and contractual duty to pay assessments, interest, late fees, costs, and attorneys' fees that came due during its ownership and Midfirst Bank's ownership of the property, and the amounts determined by application of section 720.3085(2)(c), Florida Statutes.

170. Plaintiff has breached its statutory and contractual duty by failing or refusing to pay the amounts due.

171. Within 30 days of acquiring title to its unit, Plaintiff failed to pay the Association any amount towards the past due assessments, interest, late fees, collections costs, and attorneys' fees owed on the unit.

172. Plaintiff failed to pay assessments, interest, and late fees due for Quarter 1, 2011, starting in January.

173. Plaintiff failed to pay assessments, interest, and late fees due for Quarter 2, 2011, starting in April.

174. Plaintiff failed to pay assessments, interest, and late fees due for Quarter 3, 2011, starting in July.

175. Plaintiff failed to pay assessments, interest, and late fees due for Quarter 4, 2011, starting in October.

176. Plaintiff failed to pay assessments, interest, and late fees due for Quarter 1, 2012, starting in January.

177. Plaintiff failed to pay assessments, interest, and late fees due for Quarter 2, 2012, starting in April.

178. Plaintiff failed to pay assessments, interest, and late fees due for July 2012.

179. Plaintiff failed to pay assessments, interest, and late fees due for August 2012.

180. Plaintiff failed to pay assessments, interest, and late fees due for September 2012.

181. Plaintiff failed to pay assessments, interest, and late fees due for October 2012.

182. Plaintiff failed to pay assessments, interest, and late fees due for November 2012.

183. Plaintiff failed to pay assessments, interest, and late fees due for December 2012.

184. Plaintiff failed to pay assessments, interest, and late fees due for January 2013.

185. Plaintiff failed to pay assessments, interest, and late fees due for February 2013.

186.   Plaintiff failed to pay assessments, interest, and late fees due for March 1, 2013.

187.   Plaintiff failed to pay assessments, interest, and late fees due for April 2013.

188.   Plaintiff failed to pay assessments, interest, and late fees due for May 2013.

189.   Plaintiff failed to pay assessments, interest, and late fees due for June 2013.

190.   Master Association paid utility bills for Plaintiff's condominium unit during the time Plaintiff held title to the unit.

191.   Plaintiff's breach has caused hardship to the community and caused increased assessments for paying condominium unit owners and increased foreclosure rates within the community.

192.   Plaintiff's Breach is the direct and proximate cause of Condo Association's damages.

193.   Master Association has suffered monetary damages.

194.   Association incurred costs associated with attempting to collect the debt created by HUD's failure to pay assessments.

WHEREFORE, Master Association demands judgment against Plaintiff of assessments, interest, late fees, costs, and attorneys' fees, and for any other relief that is just and proper.

## <u>JURY DEMAND</u>

The Defendant hereby demands trial by jury on all issues so triable.

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via transmission of Notices of Electronic Filing generated by CM/ECF on this 19th day of June, 2013, on all counsel or parties of record on the Service List below.

Dated: June 19, 2013.                                    Respectfully submitted,

/s/ Gian Ratnapala, Esq.
Florida Bar No.: 97342
gian@peytonbolin.com
litigation@peytonbolin.com
*Attorney for Defendants Forest Hill Gardens E. Condo. Ass'n, Inc., and Forest Hill Gardens Property Owners' Ass'n, Inc.*

PeytonBolin, PL
4758 West Commercial Boulevard
Fort Lauderdale, Florida 33319
Telephone: (954) 316-1339
Facsimile: (954) 727-5776

21

## <u>SERVICE LIST</u>

Steven M. Davis, Eq.
sdavis@becker-poliakoff.com
Becker & Poliakoff, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, Florida 33134
Telephone: (305) 262-4433
Facsimile: (305) 442/2232
Attorneys for Plaintiff
United States of America