UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.: 9:13-CV-80513-DTKH

UNITED STATES OF AMERICA,

      Plaintiff,

v.

FOREST HILL GARDENS EAST
CONDOMINIUM ASSOCIATION,
INC., and FOREST HILL GARDENS
PROPERTY OWNERS'
ASSOCIATION, INC.,

      Defendants.

_____

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, UNITED STATES OF AMERICA ("USA"), by and through its undersigned counsel, hereby moves this Court to enter an Order granting it leave to amend its Complaint and as grounds therefore states as follows:

### I. STATEMENT OF THE FACTS

Plaintiff initiated this action by filing its initial Complaint against Defendants FOREST HILL GARDENS EAST CONDOMINIUM ASSOCIATION, INC., ("Sub-Associaiton") and FOREST HILL GARDENS PROPERTY OWNERS' ASSOCIATION, INC., ("Master Association"). [DE-1]. The action stems from a dispute between the Plaintiff and the Defendants regarding the amount of assessments owed to the Defendants, by Plaintiff, pursuant to Chapters 718 and 720 of the Florida Statutes.

Plaintiff owns two condominium units (hereinafter "Units 203 and 205") within the Defendant Sub-Association's community. Said Units are part of the property subject to governance by the Defendant Master Association. In its Complaint, Plaintiff brought three counts (Declaratory Relief, Slander of Title and Breach of Contract) against both Defendants for improper collection actions taken against Unit 203, relating to allegedly back-owed delinquent assessments.

In response to the Complaint, the Defendants filed their Answer and Affirmative Defenses on June 19, 2013. [DE –5]. Within the Answer and Affirmative Defenses were several counterclaims. The counterclaims sought monetary damages from Plaintiff for allegedly failing to pay condominium assessments to both Defendants. The counterclaims referenced and incorporated Units 203 and 205.

Prior to reviewing the Defendants Answer, Plaintiff was not aware that Unit 205 was allegedly delinquent in the payment of assessments to the Defendants, nor was it aware that Defendant Sub-Association had placed a lien on the Unit. After reviewing the counterclaims as to Unit 205, it is Plaintiff's belief that the amounts sought by the Defendant (in alleged back-owed assessments) are improper and are identical to the inflated charges being sought by the Defendants as to Unit 203. In the interest of judicial economy, Plaintiff desires to amend its Complaint to add claims for Declaratory Relief, Breach of Contract and Slander of Title against the Defendants for all collection actions taken against Unit 205.

Plaintiff submits that leave should be granted to permit it to file the Amended Complaint attached hereto.

## II.   **ARGUMENT**

Whether to grant leave to amend a pleading under Fed.R.Civ.P. 15(a) is an exercise of the court's discretion, and the policy in favor of allowing amendments is extremely liberal. *DCD*

*Programs, LTD v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987). In the leading case of *Forman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227 (1962), the U.S. Supreme Court noted that courts should freely grant leave to amend when justice requires, and absent a substantial reason to deny the motion.

The factors upon which the court may deny leave to amend are where there would be undue delay, bad faith in the amendment, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Forman v. Davis*, 371 U.S. at 182. Plaintiff submits that none of the factors for denial of leave to amend exist in the instant case.

The standard for determining that it would be futile to grant amendment mirrors the standard for granting dismissal under Fed.R.Civ.P. 12(b)(6) for failure to state a cause of action. Leave to amend will be denied and dismissal will be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Forman v. Davis,* 371 U.S. 178, 182, 835 S.Ct. 227, 230 (1962); *Conley v. Gibson,* 355 U.S. 41, 45-6, 78 S.Ct. 99, 102 (1957)

The threshold of sufficiency a complaint must meet to survive a Rule 12(b)(6) motion to dismiss is low. *Ancata v. Prison Health Services,* 769 F.2d 700, 703 (11th Cir. 1985). In deciding a Rule 12(b)(6) motion to dismiss a court should not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6, 78 S.Ct. 99, 102, (1957). On a motion to dismiss all allegations in a complaint must be accepted as true and a court is not free to speculate as to what may be true or ultimately proven. *Conley,* 355 U.S. at 47-8, 78 S.Ct. at 102; *Scheur v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686 (1974). The moving party has the

burden to prove that no claim exists. *Boyd v. Brookstone Corp.,* 857 F.Supp. 1568 (S.D. Fla. 1994).

All that is required is that the defendant be on general notice as to the claim being asserted against it and the grounds on which it rests. *Sams v. United* Food *& Commercial Workers Int. Union, AFL-CIO, CLC,* 866 F.2d 1380, 1384 (11th Cir. 1989). The pleader need not set out in detail the facts upon which the claim for relief is based, but must merely provide a statement sufficient to put the opposing party on notice of the claims asserted against it. *Conley,* 355 U.S. at 47-8, 78 S. Ct. at 103 (1957). Rule 8(a)(2) requires only that a pleading consist of a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's proposed First Amended Complaint meets these requirements.

With regards to the timing of this Motion, the Plaintiff filed same as soon as it was made aware of the alleged delinquencies regarding Unit 205. The instant Motion is brought in good faith, not brought for the purposes of delay and the granting of same will not prejudice the Defendants.

WHEREFORE, Plaintiff, UNITED STATES OF AMERICA, respectfully requests that this Court grant its Motion for Leave to Amend, deem the Amended Complaint attached hereto filed as of the date of the Court's Order and award such other relief as the Court deems proper.

## **GOOD FAITH CERTIFICATION**

Undersigned counsel hereby certifies that he has conferred with the opposing party in this matter in a good faith effort to resolve the issues raised in this motion, the Defendants refuse to provide the relief requested in this Motion.

Dated: June _____, 2013
Miami, Florida

Respectfully submitted,

s/Steven M. Davis

Steven M. Davis, Esq., (Florida Bar No. 894249)
Email: sdavis@becker-poliakoff.com
Becker & Poliakoff, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
Telephone: (305)262-4433
Attorneys for Plaintiff United States of America

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via
CM/ECF to **Mauri Peyton, Esq.,** PeytonBolin, PL, 4758 W. Commercial Blvd., Fort
Lauderdale, Florida 33319 (Email: mauri@peytonbolin.com); on this __ day of July, 2013.

Becker & Poliakoff, P.A.
*Attorneys for Plaintiff*
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
(305) 262-4433 Telephone
(305) 442-2232 Facsimile

By: s/Steven M. Davis
       STEVEN M. DAVIS
       Florida Bar # 894249

ACTIVE: U06092/337499:4830398_1

Dated:   July 2, 2013

Respectfully Submitted,

BECKER & POLIAKOFF, P.A.
Attorneys for Plaintiff
121 Alhambra Plaza, 10th Floor
Coral Gables, FL  33134
Telephone:  (305) 262-4433
Facsimile:  (305) 442-2232

By:   s/ Steven M. Davis
Steven M. Davis, Esq.
Florida Bar No. 894249
SDavis@becker-poliakoff.com

ACTIVE: U06092/337499:4829783_1

16