UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.: 13-CV-80513-DTKH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FOREST HILL GARDENS EAST
CONDOMINIUM ASSOCIATION,
INC. and FOREST HILL GARDENS
PROPERTY OWNERS'
ASSOCIATION, INC.

    Defendants.

## AMENDED COMPLAINT

Plaintiff, UNITED STATES OF AMERICA ("USA"), by and through its undersigned counsel sues Defendants, FOREST HILL GARDENS EAST CONDOMINIUM ASSOCIATION, INC. and FOREST HILL GARDENS PROPERTY OWNERS' ASSOCIATION, INC., and alleges as follows:

### I.    JURISDICTION AND PARTIES

1. This is a civil action arising under the Constitution, laws, or treaties of the United States, and this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 and for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 et seq. for the purposes of determining a question of actual controversy between the parties.

2. This action is brought by the United States on behalf of the Secretary of the Department of Housing and Urban Development ("HUD") and has been brought to vindicate the

sovereign rights and pecuniary interests of HUD.

3. Defendant, FOREST HILL GARDENS EAST CONDOMINIUM ASSOCIATION, INC. ("Sub-Association") is a Florida not-for-profit corporation operating within Palm Beach County, Florida such that the Court has personal jurisdiction over it.

4. Defendant FOREST HILL GARDENS PROPERTY OWNERS' ASSOCIATION, INC,. ("Master Association") is a Florida not-for-profit corporation operating within Palm Beach County, Florida such that the Court has personal jurisdiction over it.

## II.   VENUE

5. Venue is proper in this Court as the cause of action accrued in Palm Beach County Florida which is within the Southern District of Florida, pursuant to 28 U.S.C. §1391.

## III.   FACTS COMMON TO ALL COUNTS RELATING TO UNIT 203

6. The Defendant Sub-Association is the entity charged with the maintenance and operation of the Forest Hill Gardens East Condominium in Palm Beach County, Florida. It operates pursuant to Florida Statutes Chapter 718 and is governed by its Declaration of Condominium ("Declaration"), its Bylaws, Articles of Incorporation, and any amendments thereto.

7. The Defendant Master Association has been the "overall association" defined in and responsible for the duties and obligations set forth in the Covenants and Restrictions (hereinafter "Master Covenants"). The Forest Hill Gardens East Condominium Property is part of the property subject to governance by Master Association.

8. The Declaration for Sub-Association was recorded on October 28, 1980 in the Official Records of Palm Beach County, Florida Book 3399, Page 612. Article V, Section 8 provides in pertinent part:

2

NON-LIABILITY OF MORTGAGEE OF RECORD: when the mortgagee of a first mortgage of record obtains title to a unit as a result of foreclosure of its first mortgage, or when the mortgagee of a first mortgage of records accepts a deed in lieu of foreclosure, such acquirer of title, its successors and assigns, shall not be liable for the share of common expenses or assessments by the Association pertaining to such unit, or chargeable to the former unit owner of the unit, which became due prior to acquisition of title as a result of the foreclosure or the acceptance of such deed in lieu of foreclosure.

Section 7.7 of the Declaration is attached hereto as Exhibit "A".

9. The Master Covenants for Master Association were recorded on October 28, 1998, in the Official Records of Palm Beach County, Florida Book 3399, Page 0746. A true and correct copy of said Master Covenants is attached hereto as Exhibit "B".

10. As owner of real property situated within the Forest Hill Gardens East Condominium, HUD, Master Association and Sub-Association are all parties to both the Declaration and Master Covenants and are bound by same.

11. On August 14, 2008, Wells Fargo Bank, N.A. ("Wells") issued a first mortgage which encumbered the below property legally described as:

CONDOMINIUM UNIT NO. 203, BUILDING 6048, FOREST HILL GARDENS EAST, A CONDOMINIUM ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF RECORDED IN OFFICIAL RECORD BOOK 3399, PAGE 612, OF THE PUBLIC RECORDS OF PALM BEACH COUNTY, FLORIDA

(hereinafter "Unit 203") Unit 203 is located within Forest Hill Gardens Condominium.

12. The mortgage was recorded on December 12, 2008 in the Official Records of Palm Beach County Florida in Book 22992 at Page 1806.

13. On May 10, 2010, Wells Fargo Bank, N.A. obtained a foreclosure judgment as to its mortgage and the Property sold at foreclosure auction where Wells Fargo Bank, N.A. was the successful bidder. A true and correct copy of the Final Judgment is attached hereto as Exhibit

"C".

14. On November 9, 2010, a Certificate of Title was issued to Wells Fargo Bank, N.A. such that it became the owner of the Property as a result of the foreclosure. A copy of the Certificate of Title was recorded in the Official Records of Palm Beach Book 24186, Page 1263 and is attached hereto as Exhibit "D".

15. The aforementioned mortgage was guaranteed by HUD and on December 17, 2010, HUD took title to the Property via Special Warranty Deed. A copy of the Special Warranty Deed was recorded in the Official Records of Palm Beach County Book 24267, Page 0268 and is attached hereto as Exhibit "E."

16. On October 1, 2012, in response to an estoppel request sent by USA, counsel for the Sub-Association and Master Association, sent payoff demand letters for Unit 203, which encompassed all amounts allegedly owed to both the Master Association ($11,017.26) and Sub-Association ($19,960.22) totaling $30,977.48. A copy of the letter is attached hereto as Composite Exhibit "F."

17. The pay-off letter for Unit 203 sought to collect Sub-Association amounts owed against the Property prior to Wells Fargo taking title on November 9, 2010 as well as a variety of other undocumented charges in which HUD was not liable for pursuant to the Declaration, Master Covenants and the Foreclosure Judgment. Also, both Defendants sought to collect inflated amounts for "collection costs", interest, and attorney's fees.

18. While the Master Association portion of the pay-off letter did properly apply the statutory "safe harbor" amount for assessments, as provided for in Section 720.3085, Florida Statutes[1], said Association also sought to collect inflated amounts for "collection costs", interest,

---

[1] The "Safe Harbor" Provision of Section 720.3085 provides: (c) Notwithstanding anything to the contrary contained in this section, the liability of a first mortgagee, or its successor or assignee as a subsequent holder of the first

4

and attorney's fees.

19. On February 3, 2012, Sub-Association filed a claim of lien against Unit 203. The lien was recorded in the Official Records of Palm Beach County in Book 25021 at Page 1514. A copy of that lien is attached hereto as Exhibit "G."[2]

20. HUD advised Sub-Association of their objections but they failed to respond, failed to release the Claims of Lien for Unit 203 and failed to issue an accurate estoppel certificate.

21. Sub-Association's failure to release the lien and issue an accurate estoppel certificate for Unit 203 resulted in the expiration of a potential contract for the sale of said unit. The contract fell through due to Sub-Association's continued demand for improperly taxed amounts, interest, legal fees and costs.

22. The Master Association also failed to issue an accurate estoppel certificate for Unit 203 resulting in the expiration of a potential contract for the sale of the Property. The contract fell through due to Master Association's continued demand for improperly taxed collection costs, interest, legal fees and costs.

23. As a result of both the Sub-Association's and Master Association's actions, HUD has suffered a pecuniary loss in the form of additional carrying costs and a depreciated fair market value for Unit 203.

24. Plaintiff has engaged the undersigned attorney and has agreed to pay the attorney a reasonable fee and seeks recovery of said fee as part of this action.

---

mortgage who acquires title to a parcel by foreclosure or by deed in lieu of foreclosure for the unpaid assessments that became due before the mortgagee's acquisition of title, shall be the lesser of: (1) The parcel's unpaid common expenses and regular periodic or special assessments that accrued or came due during the 12 months immediately preceding the acquisition of title and for which payment in full has not been received by the association; or (2). One percent of the original mortgage debt.

[2] While HUD does not dispute its obligation to pay regularly accruing assessments, it does dispute the unauthorized charges Defendant Sub-Association is seeking.

5

## IV. FACTS COMMON TO ALL COUNTS RELATING TO UNIT 205

25. The Defendant Sub-Association is the entity charged with the maintenance and operation of the Forest Hill Gardens East Condominium in Palm Beach County, Florida.

26. Sub-Association operates pursuant to Florida Statutes Chapter 718 and is governed by its Declaration of Condominium ("Declaration"), its Bylaws, Articles of Incorporation, and any amendments thereto.

27. The Declaration for Sub-Association was recorded on October 28, 1980 in the Official Records of Palm Beach County, Florida Book 3399, Page 612. Article V, Section 8 provides in pertinent part:

> NON-LIABILITY OF MORTGAGEE OF RECORD: when the mortgagee of a first mortgage of record obtains title to a unit as a result of foreclosure of its first mortgage, or when the mortgagee of a first mortgage of records accepts a deed in lieu of foreclosure, such acquirer of title, its successors and assigns, shall not be liable for the share of common expenses or assessments by the Association pertaining to such unit, or chargeable to the former unit owner of the unit, which became due prior to acquisition of title as a result of the foreclosure or the acceptance of such deed in lieu of foreclosure.

Section 7.7 of the Declaration is attached hereto as Exhibit "A".

28. As owner of real property situated within the Forest Hill Gardens East Condominium, HUD and Sub-Association are all parties to the Declaration and are bound by same.

29. On or around November 23, 2010, Midfirst Bank, N.A. ("Midfirst") acquired title to the below property pursuant to a successful foreclosure action in which it was the high bidder at its own foreclosure sale:

> CONDOMINIUM UNIT NO. 205, BUILDING 6106, FOREST HILL GARDENS EAST, A CONDOMINIUM ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF RECORDED IN OFFICIAL RECORD BOOK 3399, PAGE 612, OF THE PUBLIC RECORDS OF PALM

BEACH COUNTY, FLORIDA

(hereinafter "Unit 205") Unit 205 is located within Forest Hill Gardens Condominium. A copy of Midfirst's Certificate of Title is attached hereto as Exhibit "H".

30. HUD took title to Unit 205 via Special Warranty Deed on December 9, 2010.

31. A copy of the Special Warranty Deed was recorded in the Official Records of Palm Beach County Book 24416, Page 1612 and is attached hereto as Exhibit "I."

32. The Defendants never provided any pay-off and/or estoppel letters to the Plaintiff for Unit 205.

33. On October 11, 2011, Sub-Association filed a claim of lien against Unit 205. The lien was recorded in the Official Records of Palm Beach County in Book 24795 at Page 0268. A copy of that lien is attached hereto as Exhibit "J"[3]

34. Pursuant to the Claim of Lien filed against Unit 205, the Sub-Association claimed that HUD allegedly owed it a total of $16,332.36. This amount was inclusive of alleged delinquent assessments dating back to 2007, some three years prior to HUD obtaining title to Unit 205.

35. HUD advised Sub-Association of its objections but they failed to respond, failed to release the Claims of Lien for Unit 205 and failed to issue an accurate estoppel certificate.

36. Plaintiff has engaged the undersigned attorney and has agreed to pay the attorney a reasonable fee and seeks recovery of said fee as part of this action.

## COUNT I-DECLARATORY RELIEF AS TO UNIT 203 AGAINST ALL DEFENDANTS

37. Plaintiff reasserts and incorporates by reference the allegations contained in

---

[3] While HUD does not dispute its obligation to pay regularly accruing assessments, it does dispute the unauthorized charges Defendant Sub-Association is seeking.

7

Paragraphs 1 through 24, as though fully set forth herein.

38. A dispute has arisen between Plaintiff and Sub-Association as to whether HUD is liable for certain Sub-Association assessments, interest, late fees, legal fees or costs and non-litigation fees and costs which accrued on Units 203.

39. Sub-Association, through its pay-off letter for Unit 203, has asserted that HUD is liable to it for 1% of the original mortgage amount (i.e. safe harbor amount) plus certain inflated collection costs, interest, late fees, attorney fees, and other charges including the legal fees and costs which the Defendants incurred in its collection prior attempts.

40. In the instant case, the Sub-Association's Declaration was in effect since 1980 and thus Wells Fargo became a third party beneficiary of the Declaration when it issued its initial mortgages.

41. The pay-off figures for Unit 203 provided by the Sub-Association are in contravention of its Declaration and Section 718.116, Florid Statutes, as they do not reallocate the amounts due prior to Wells Fargo taking title. Rather, the Defendant Sub-Association seeks to collect these amounts from the post-foreclosure owner of the Property (i.e., HUD).

42. In taking title to Unit 203 from Wells Fargo, HUD was provided the same protection by the Declaration and is therefore:

   a. not liable for any amounts which accrued against the Property prior to November 9, 2010 when Wells Fargo took title;

   b. not liable for any legal fees or costs which the Defendants claim entitlement to for any efforts to collect assessments which Wells Fargo and HUD are not responsible for paying;

   c. not liable for any pre-litigation fees and costs incurred by the Defendants; and

8

    d. only liable for assessments, interest, and late fees which accrued against the Property after November 9, 2010 when Wells Fargo took title.

43. On its face, the Claim of Lien for Unit 203 is invalid as it seeks to encumber the property for more money than HUD is legally required to pay, including $1,488.57 in interest and $6,799.50 in "other" charges.

44. An actual existing and bona fide controversy exists between Plaintiff and Sub-Association as to whether HUD is liable (on Unit 203) for any interest, collection costs, late fees, legal fees or costs and pre-litigation fees and costs which accrued prior to Wells Fargo taking title; and whether Federally owned property may be foreclosed and as such the rights and obligations of the parties can be determined only by a declaratory judgment.

45. In regards to Unit 203 and the Master Association and Plaintiff, a dispute has arisen between the parties as to whether HUD is liable for certain inflated collection costs, interest, late fees, legal fees and non-litigation fees in which the Master Association is seeking to collect directly from it via its October 1, 2012 pay-off letter.

46. Master Association, through its pay-off letter for Unit 203, has asserted that HUD is liable for paying various inflated amounts for collection costs, interest, and attorney's fees.

47. The inflated pay-off figures provided by the Master Association are in contravention of its Master Covenants and § 720.3085, Florida Statutes.

48. In taking title to Unit 203 from Wells Fargo, HUD was provided the same protection by the Master Covenants and § 720.3085 and is therefore not liable for the various inflated amounts for collection costs, interest, and attorney's fees listed within the Master Association's October 1, 2012 pay-off letter.

49. An actual existing and bona fide controversy exists between Plaintiff and Master

9

Association as to whether HUD is liable for the inflated collection costs, assessments, interest, late fees, legal fees or costs and non-litigation fees which all appear on the Master Association's October 1, 2012 pay-off letter.

WHEREFORE, Plaintiff, USA, prays

a. That this Court enter a judgment declaring

   1. That HUD is not liable for Sub-Association late fees, legal fees and costs which accrued against Unit 203 prior November 9, 2010 when Wells Fargo took title;

   2. That HUD is not liable for legal fees and costs, as to Unit 203, which Sub-Association claims they incurred following Wells Fargo taking title given the Defendant incurred these legal fees and costs by attempting to recover funds it was not owed and refusing to remedy their error;

   3. That HUD is only liable for Sub-Association assessments, interest, and late fees which accrued against Unit 203 after November 9, 2010, when Wells Fargo took title;

   4. That any purchaser of Unit 203 from HUD is only liable for those Sub-Association assessments, interest and late fees which accrue against the Property from the date the purchaser takes title forward;

   5. That HUD is not liable for those certain inflated collection costs, assessments, interest, late fees, legal fees or costs and non-litigation fees which all appear on the Master Association's October 1, 2012 pay-off letter;

b. That this Court award the Plaintiff any such other and further relief as the Court

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL 33134
TELEPHONE (305) 262-4433

deems just and proper.

## **COUNT II-DECLARATORY RELIEF AS TO UNIT 205 AGAINST SUB-ASSOCIATION**

50. Plaintiff reasserts and incorporates by reference the allegations contained in Paragraphs 1 through 5 and 25 through 36, as though fully set forth herein.

51. A dispute has arisen between Plaintiff and Sub-Association as to whether HUD is liable for certain Sub-Association assessments, interest, late fees, legal fees or costs and non-litigation fees and costs which accrued on Units 205.

52. When HUD took title to the Unit from Midfirst, HUD was provided the same protection by the Declaration and is therefore:

   a. not liable for any amounts which accrued against the Property prior to November 23, 2010 when Midfirst took title;

   b. not liable for any legal fees or costs which the Defendants claim entitlement to for any efforts to collect assessments which Midfirst and HUD are not responsible for paying;

   c. not liable for any pre-litigation fees and costs incurred by the Defendant Sub-Association; and

   d. only liable for assessments, interest, and late fees which accrued against the Property after November 23, 2010 when Midfirst took title.

53. On its face, the Claim of Lien filed against Unit 205 is invalid as it seeks to encumber the property for more money than HUD is legally required to pay, including $5,503.31 in "other" charges.

54. An actual existing and bona fide controversy exists between Plaintiff and Sub-

Association as to whether HUD is liable for the amounts listed on the Sub-Association's Claim of Lien, which accrued prior to Midfirst taking title; and whether Federally owned property may be foreclosed and as such the rights and obligations of the parties can be determined only by a declaratory judgment.

55.     This is an appropriate action for a declaratory judgment, as authorized by Title 28 U.S.C. §2201, because an actual controversy, as more fully described herein, has arisen and now exists between the Plaintiff and the Defendants concerning their respective rights and obligations, Plaintiff is suffering actual and threatened harm by virtue of the actions of the Defendants.

    WHEREFORE, Plaintiff, USA, prays

a. That this Court enter a judgment declaring

1. That HUD is not liable for Sub-Association late fees, legal fees and costs which accrued against Unit 205 prior to November 23, 2010, when Midfirst took title;

2. That HUD is not liable for legal fees and costs, as to Unit 205, which Sub-Association claims they incurred following Midfirst taking title given the fact that the Defendant incurred these legal fees and costs by attempting to recover funds it was not owed and refusing to remedy their error; and

3. That HUD is only liable for Sub-Association assessments, interest, and late fees which accrued against Unit 205 after November 23, 2010, when Midfirst took title.

b. That this Court award the Plaintiff any such other and further relief as the Court

deems just and proper.

### COUNT III–BREACH OF CONTRACT AS TO UNIT 203 AGAINST ALL DEFENDANTS

56. Plaintiff reasserts and incorporates by reference the allegations contained in Paragraphs 1 through 24, as though fully set forth herein.

57. Sub-Association's demand that HUD owes certain inflated amounts, interest, legal fees and costs prior to November 9, 2010, when Wells Fargo took title to the Unit, violates Section 7.7 of its Declaration of Condominium.

58. These subject amounts are not properly collectable from the Plaintiff pursuant to Section 7.7 of the Declaration.

59. Said Declaration provides an award of attorneys' fees to Sub-Association if litigation ensues regarding a violation of the Declaration. Florida Statute § 57.105(7) makes said provision reciprocal. Finally, Florida Statute § 718.303 provides for an award of attorneys' fees to the prevailing party in disputes regarding the governing documents and Florida Statutes Chapter 718.

60. Master-Association's demand that HUD owes certain inflated collection costs, interest, legal fees and late fees violates Sections 6.1 and 6.10.2 of its Master Covenants.

61. These subject amounts are not properly collectable from the Plaintiff pursuant to the Master Covenants.

62. Plaintiff has been damaged by the Defendants breach.

63. Said Master Declaration provides an award of attorneys' fees to Sub-Association if litigation ensues regarding a violation of the Declaration. Florida Statute § 57.105(7) makes said provision reciprocal. Finally, § 720.305, Florida Statute, provides for an award of attorneys'

fees to the prevailing party in disputes regarding the governing documents.

64. Plaintiff has retained the undersigned attorney and has agreed to pay the attorney a reasonable fee for the services rendered on this issue.

WHEREFORE, Plaintiff, USA, prays

a. That this Court enter judgment in favor of USA finding that Sub-Association and Master Association violated their governing documents and determine the actual amount owed by HUD.

b. That this Court enter a judgment declaring that the Sub-Association's Claim of Lien is incorrect;

c. That this Court enter judgment awarding costs and legal fees against Sub-Association pursuant to §718.303, Fla. Stat. (2011) and the Declaration;

d. That this Court enter judgment awarding costs and legal fees against Master Association pursuant to §720.305, Fla. Stat. (2011) and the Master Covenants; and

e. That this Court award the USA such other relief as the Court may deem just and equitable.

### COUNT IV–BREACH OF CONTRACT AS TO UNIT 205 AGAINST SUB-ASSOCIATION

65. Plaintiff reasserts and incorporates by reference the allegations contained in Paragraphs 1 through 5 and 25 through 36, as though fully set forth herein.

66. Sub-Association's claim of lien, which insinuates that that HUD owes, for Unit 205, certain inflated amounts, interest, legal fees and costs prior to November 23, 2010, when Midfirst took title violates Section 7.7 of its Declaration of Condominium.

67. These subject amounts are not properly collectable from the Plaintiff pursuant to

14

Section 7.7 of the Declaration.

68. Plaintiff has been damaged by the Defendant's breach.

69. Said Declaration provides an award of attorneys' fees to Sub-Association if litigation ensues regarding a violation of the Declaration. Florida Statute § 57.105(7) makes said provision reciprocal. Finally, Florida Statute § 718.303 provides for an award of attorneys' fees to the prevailing party in disputes regarding the governing documents and Florida Statutes Chapter 718.

70. Plaintiff has retained the undersigned attorney and has agreed to pay the attorney a reasonable fee for the services rendered on this issue.

WHEREFORE, Plaintiff, USA, prays

a. That this Court enter judgment in favor of USA finding that Sub-Association violated their governing documents and determine the actual amount owed by HUD;

b. That this Court enter a judgment declaring that the Sub-Association's Claim of Lien is incorrect;

c. That this Court enter judgment awarding costs and legal fees against Sub-Association pursuant to §718.303, Fla. Stat. (2011) and the Declaration;

d. That this Court enter judgment awarding costs and legal fees against Master Association pursuant to §720.305, Fla. Stat. (2011) and the Master Covenants; and

e. That this Court award the USA such other relief as the Court may deem just and equitable.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL 33134
TELEPHONE (305) 262-4433

Dated: July 10, 2013

                                              Respectfully Submitted,

                                              BECKER & POLIAKOFF, P.A.
                                              Attorneys for Plaintiff
                                              121 Alhambra Plaza, 10th Floor
                                              Coral Gables, FL 33134
                                              Telephone: (305) 262-4433
                                              Facsimile: (305) 442-2232

                                            By: _s/ Steven M. Davis_
                                              Steven M. Davis, Esq.
                                              Florida Bar No. 894249
                                              SDavis@becker-poliakoff.com

ACTIVE: U06092/337499:4829783_1

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR · CORAL GABLES, FL 33134
TELEPHONE (305) 262-4433