**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
West Palm Beach Division
9:13-cv-80513-DTKH (Hurley/Hopkins)

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FOREST HILL GARDENS EAST CONDOMINIUM ASSOCIATION, INC., and FOREST HILL GARDENS PROPERTY OWNERS' ASSOCIATION, INC.,

    Defendants.
_____/

**DEFENDANTS' MEMORANDUM OF LAW OPPOSING**
**PLAINTIFF'S MOTION FOR ISSUANCE OF ESTOPPEL CERTIFICATES [D.E. 9]**

Defendants, FOREST HILL GARDENS EAST CONDOMINIUM ASSOCIATION, INC., and FOREST HILL GARDENS PROPERTY OWNERS' ASSOCIATION, INC. (hereinafter "Associations"), by and through its undersigned counsel and pursuant to Local Rule 7.1(c) of the United States District Court for the Southern District of Florida, hereby files their Memorandum of Law Opposing Plaintiff's Motion for Issuance of Estoppel Certificates and states as follows:

**PROCEDURAL BACKGROUND**

1. On or about May 15, 2013, Plaintiff filed its Complaint attaching an estoppel letter and detailed ledger of the amounts due and owing to the Association. [D.E. 1, para 16 and Exhibit F].

2. On or about June 27, 2013, Plaintiff filed its Motion for Issuance of Estoppel Certificates from All Defendants [D.E. 9], requesting this Court to issue mandatory injunctions

    requiring Associations to: (1) issue estoppel letters; (2) accept any all moneys tendered by Plaintiff; and (3) allow the sale of subject property free and clear of Associations' liens.

3. On or about July 10, 2013, Plaintiff filed an Answer to Defendant's Counterclaim admitting, albeit through a convoluted answer framed as a denial [D.E. 11, para. 94-108, 118-136], that no payments have been tendered to the Associations.

## ARGUMENT

Plaintiff's Motion seeking injunctive relief requiring the Association to: (1) issue estoppel letters; (2) accept any all moneys tendered by Plaintiff; and (3) allow the sale of subject property free and clear of Associations' liens is a thinly disguised motion for final judgment which is premature at this time, is not supported by any evidence, seeks to compel discovery without any discovery having been propounded, is made in bad faith with unclean hands, seeks relief not available to the Plaintiff, and impermissibly cites to statements made by counsel during litigation and protected by the litigation privilege must be denied by this Court.

### *The Demand For An Estoppel Is Improper*

The first request seeking an injunction requiring defendant to author certificates of assessment ("estoppels") for relief must be denied for several reasons. First, the Motion seeks to either compel discovery or ask for a Final Judgement, neither being procedurally proper at this time. Second, it is impossible to issue an estoppel during pending litigation where the fees of litigation must be included in said estoppel. Third, the Plaintiff comes to the Court asking for this equitable relief with unclean hands and in bad faith after having failed to make any assessment payments for the past three years.

Fist, the Motion is an improper attempt compel discovery and/or a motion for summary judgment. The letter sought would disclose the total amount owed to the association, including

assessments, interest, late fees, collections costs, and attorneys fees as allowed under the statute. However, no discovery requests have yet been made nor has the time for initial disclosures elapsed. Defendant's damages calculations will be provided as required by the Rules of Civil Procedure and Local Rules in the course of proper and orderly litigation.

Second, the request for an injunction requiring Defendant to author an "estoppel" is impossible during pending litigation. Plaintiff seeks to require the Defendant to issue a letter stating the total due to each association, which includes amounts owed for this pending litigation. However, the amount owed is unable to be calculated, as interest, late fees, attorneys fees, and costs incident to this collection action are ever changing. The estoppel certificate is to be relied upon by a third party purchasing the unit; however, that third party will be indebted for any fees incurred during the pending litigation filed by Plaintiff. If a third party purchased this unit, they would ultimately be added as a party to this suit. It would be fraudulent to sell real estate without disclosing pending litigation even with an estoppel certificate.

This equitable request should also be denied due to Plaintiff's bad faith and unclean hands. Had there been a pleading directed at Plaintiff's requested injunctive relief, the Defendants would have raised their equitable defenses directed towards such pleading. In this instance, Plaintiff has been provided estoppels prior to the institution of this action which Plaintiff has continually refused to pay. Copies of the previous letters and detailed statements of account were even attached to the Complaint. Despite the best efforts of the association, these previous estoppel and good faith attempts to coax the Plaintiff to pay its necessary and statutory obligation to the not-for-profit associations resulted in no payments to the association. For three years, the Plaintiff failed to remit ANY payments to the association for either unit mentioned in the counterclaim. During this time period, the Association struggled to pay common water bills

for these units, insurance to protect these units from disaster, routine repairs, maintenance, etc. all to the benefit to the non-paying Plaintiff. No payment has ever been tendered, not even amounts that are undisputed by the Plaintiff. As a result of the Plaintiff's refusal to pay, other struggling unit owners realized increased assessments, some likely resulting in the loss of their homes through foreclosure. Now the Plaintiff comes to this court with its unclean hands seeking equitable action to help it sell a unit for its own profit seeking an order compelling the Defendant to now comply with the very same statute violated by Plaintiff for the past three years. Such conduct should not be condoned by this Court.

For these reasons, the Court must deny the Plaintiff's request for an estoppel where such request is actually an improper discovery request, an improper motion for final judgement, seeks an impossible calculation of damages continuing to accrue during the pending litigation intended to be relied upon by a third party, and the Plaintiff comes to this court with unclean hands and in bad faith.

### *Defendants Cannot Be Compelled To Accept A Payment Under Protest*

The second request for relief should also be denied as the Plaintiff is attempting to adjudicate its liability for assessments through the present motion. Such adjudication is the subject matter for a motion for judgment on the pleadings, motion for summary judgment, or trial. However, a motion for judgment or trial is premature at this time as pleadings are still pending and no discovery or initial disclosures have been made. As such, Plaintiff's second request for relief cannot be considered by this court presently.

Additionally, pursuant to association law in Florida, restrictive endorsements have no effect. As cited by Plaintiff, 718.116(3) and 720.3085(3)(b) provide that any payment received is applied as set forth in each provision in spite of any restrictive covenants. Payments made

"under protest" would have no effect on the operation of the statute, which bars such restrictive endorsements and compels payments to be applied in such manner.

Furthermore, there has been no evidence or pleading alleging that the Association attempted to coerceively increase the amounts owed by the Plaintiff.  Without coercion, a voluntary payment may not be recovered by the payor.  *See Greene v. Alachua General Hosp., Inc.*, 705 So.2d 953, 953 -954 (Fla. App. 1 Dist., 1998),  H*all v. Humana Hosp. Daytona Beach*, 686 So.2d 653 (Fla. App. 5 Dist., 1996).  In fact, a party making a payment due to a mistake of law[1] may not seek to recover the over payment once the payment has been made.  *Hall* at 657.  Plaintiff has owned this property for three years without making a single payment or attempting to sell such property, therefore, a temporary delay in the ability to sell the unit while this litigation is pending can not be considered coercive.

Finally, payments made under protest for the purpose of inducing a sale to a third party would not be valid.  The third party purchaser, pursuant to 718.116(1) and 720.3085(2)(b) is jointly and severally liable with the previous parcel owner.  Such liability would also encompass any fees incurred in litigating the disputed amounts, as the prevailing party would be entitled to legal fees and costs incurred in the litigation.  Such fees would necessarily pass to the unsuspecting purchaser through joint and several liability, effectively nullifying the payment made under protest.  What arms length potential home buyer would purchase a property where the outstanding liens were paid under protest with a threat of imminent litigation?

---

1   Plaintiff's Complaint alleges that Defendants are mistaken as to what may be legally demanded under the Florida Statutes or  Declaration.  Therefore, any payment of the amount demanded would be made as the result of such mistake of law.  Naturally, Defendants allege that Plaintiff is mistaken as to its legal requirements and the amounts demanded are correct, as they have been for the past three years.

For these reasons, the Court must not order the Associations to accept an impermissible payment under protest. Ordering such relief would accomplish nothing as this litigation would continue and pass to an unsuspecting future home buyer.

### *The Court May Not Allow The Sale Of Subject Property Free And Clear Of Associations' Liens*

The third request for relief too should be denied, as the Court may not order the sale of the property free of Association's liens. First, a subsequent purchaser is jointly and severally liable with the Plaintiff for any amounts owed, as explained above. Additionally, the liens held by the Associations are a core issue of the Plaintiff's complaint and the Associations' counterclaims. A mandatory injunction requiring the Associations to release their liens on subject properties is essentially a final judgment against the Associations. As stated above, it is premature to issue judgment on the pleadings, summary judgment, or any other final disposition of the matter presently upon this motion.

Pursuant to Federal Rule of Civil Procedure 12(c), a motion for judgment is only proper after all pleadings are closed. The pleadings are not closed in the present matter because Plaintiff has filed a motion for leave to amend complaint. *See*, *e.g.*, *ParkerVision, Inc., v. Qualcomm, Inc.*, No. 11-cv-719, 2012 WL 612818, at *1-2 (M.D. Fla. Feb. 27, 2012) (stating that after order granting a motion for leave to amend complaint the original complaint is superseded by the amended complaint and the answer, affirmative defenses, and counterclaim filed in response to the original complaint are moot). Moreover, Plaintiff's motion does not comply with the requirements of a Motion for Summary Final Judgment pursuant to Federal Rule of Civil Procedure 56. *See Williams v. Drew*, No. 11-cv-363, 2013 WL 1181446, at *3 (M.D. Fla. Mar. 14, 2013) (stating that "district courts should not grant summary judgment until the non-movant 'has had an adequate opportunity for discovery'") (internal citation omitted). No discovery has

yet occurred in the case at bar. In fact, the pleadings are still open. Therefore, it is clear that rendering a judgment on the pleadings or a summary judgment is not proper at this time.

The core issue in this litigation is the amount of money owed to the Associations for past due assessments which are secured by the Associations' Claims of Lien. Plaintiff requests that this Court enter a mandatory injunction requiring the Associations' to accept amounts of money as determined by the Plaintiff and release their Claims of Lien. However, such an Order from this Court would be the essential equivalent of a final judgment against the Associations, determining the amounts due and releasing the collateral securing the payment of the amounts in dispute. Such a determination should be made after the close of pleadings, after an opportunity for discovery, and after an examination of the full record and evidence presented to this Court. Therefore, Plaintiffs Motion for Issuance of Estoppel Certificates should be denied as premature.

Additionally, this motion requested relief for an injunction against the Associations' for the issuance of estoppels is in effect a motion to compel discovery and disclosure of the Associations' summary judgment evidence. However, no discovery has been propounded and the time for initial disclosures has not yet expired. Such a motion is improper under Federal Rule of Civil Procedure 33 and Local Rule 26.1(h) of the United States District Court for the Southern District of Florida.

### *Litigation Privilege and Settlement Communications*

In *Kelly v. Palmer, Reifler, & Associates, P.A.*, 681 F. Supp.2d 1356, 1367 (S.D. Fla., 2010), the Southern District explains that:

> In Florida, the litigation privilege "essentially provid[es] legal immunity for actions that occur in judicial proceedings." *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole,* 950 So.2d 380, 383 (Fla. 2007) (holding that the litigation privilege was not reserved for common law tort actions but applied "across the board ... to common-law causes of action, those initiated pursuant to a statute, or of some other origin."). The Florida Supreme Court explained the

>purpose of this privilege:  Just as participants in litigation must be free to engage in unhindered communication, so too must those participants be free to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct.  *Id.* At 384 (quoting *Levin, Middlebrooks, Mabie, Thomas, Mayes Mitchell, P.A. v. U.S. Fire Ins. Co.,* 639 So.2d 606, 608 (Fla.1994)). "Absolute immunity must be afforded to any act occurring during the course of a judicial proceeding... so long as the act has some relation to the proceeding." *Id.*

Federal Rule of Evidence 408 also prohibits admission of evidence of settlement communications.

Plaintiff's motion is riddled with impermissible references to communications between counsel for the purpose of settlement.  Additionally, quotations are taken out of context and spun to make the undersigned's statements something they are not.  Should the court wish, the undersigned will submit many correspondences virtually begging Plaintiff's counsel to make a good faith offer to settle this dispute.  Despite that, no offer has ever been made by the Plaintiff.  Plaintiff refuses to make any payment, essentially holding necessary funds hostage while attempting to extort a discount from the Association.  That being said, the undersigned has no intention of submitting opposing counsels statements to this Court absent the Court's request for the same.  The Associations desire to conduct this litigation in an orderly and professional manner as set forth in the Rules of Civil Procedure.

Defendants do request that such mis-quotations and references to impermissible settlement communications be stricken from the record and removed from availability through PACER.

## CONCLUSION

WHEREFORE, the Associations pray that this Court deny Plaintiff's Motion for the Issuance of Estoppel Certificates and grant any other relief that is just and proper.  Furthermore,

the Court should strike all references to communications between counsel during this pending litigation, as such communications are protected by the litigation privilege and were settlement communications.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via transmission of Notices of Electronic Filing generated by CM/ECF on this 19th day of June, 2013, on all counsel or parties of record on the Service List below.

Dated: July 11, 2013.

Respectfully submitted,
/s/ Mauri Peyton, Esq.
Florida Bar No.: 44773
mauri@peytonbolin.com
litigation@peytonbolin.com
*Attorney for Defendants Forest Hill Gardens E. Condo. Ass'n, Inc., and Forest Hill Gardens Property Owners' Ass'n, Inc.*

PeytonBolin, PL
4758 West Commercial Boulevard
Fort Lauderdale, Florida 33319
Telephone: (954) 316-1339
Facsimile: (954) 727-5776

**SERVICE LIST**

Steven M. Davis, Eq.
sdavis@becker-poliakoff.com
Adam Cervera, Esq.
acervera@becker-poliakoff.com
*Attorneys for Plaintiff*
*United States of America*

Becker & Poliakoff, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, Florida 33134
Telephone: (305) 262-4433
Facsimile: (305) 442/2232