UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.: 9:13-CV-80513-DTKH


UNITED STATES OF AMERICA,

      Plaintiff,

v.

FOREST HILL GARDENS EAST
CONDOMINIUM ASSOCIATION,
INC., and FOREST HILL GARDENS
PROPERTY OWNERS'
ASSOCIATION, INC.,

      Defendants.

_____

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE

Plaintiff, UNITED STATES OF AMERICA ("USA"), by and through its undersigned counsel, hereby files this Response to Defendants', FOREST HILL GARDENS EAST CONDOMINIUM ASSOCIATION, INC. ("Sub-Association") and FOREST HILL GARDENS PROPERTY OWNERS' ASSOCIATION, INC. ("Master Association")(collectively "Associations") Motion to Strike [DE 15], and alleges as follows:

### I.      BACKGROUND

1.      On or around July 7, 2013, Plaintiff filed its Answer and Affirmative Defenses to the Counter claim previously filed by the Defendant [DE 6].

2.      Within said Answer, Plaintiff denied various accusations regarding certain delinquent assessment payments which were allegedly owed to the Defendant Associations.

3.      The Defendant (via its Motion to Strike) now seeks to "strike" the Plaintiff's Answer to its Counterclaim and negate portions of same which made reference to the fact that the Associations continually failed to provide accurate itemizations (regarding alleged delinquent assessment monies owed) to the Plaintiff. [DE 15].

4.      Prior to filing the instant Motion, counsel for the Defendants failed to discuss this issue with the undersigned and never attempted to confer in good faith with him regarding a potential resolution, as required by Local Rule 7.1(a)(3).

5.      In fact, the undersigned was only made aware of the Defendants' "concerns" when he was served with a copy of the instant Motion to Strike.

## II.      ARGUMENT & MEMORANDUM OF LAW

### DEFENDANTS' FAILED TO COMPLY WITH LOCAL RULE 7.1(A)(3) AND THEREFORE THE MOTION TO STRIKE SHOULD BE DENIED

It is a well established that prior to the filing of certain motions, the moving party must confer (in good faith) with the non-moving party in an attempt to resolve the disputes raised in the motion, prior to filing same. *S.D. Fla. Local Rule 7.1(a)(3)*. In relevant part, 7.1(a)(3) states:

> (a) Prior to filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, to involuntarily dismiss an action, or any motion relating to discovery, counsel for the moving party shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with counsel for the opposing party in a good faith effort to resolve by agreement the issues to be raised in the motion….at the time of filing the motion, counsel for the moving party shall file with the Clerk a statement certifying either: (a) that counsel have conferred in a good faith effort to resolve the issues raised in the motion and have been unable to do so; or (b) that counsel for the moving party has made reasonable effort (which shall be identified with specificity in the statement) to confer with the opposing party but has been unable to do so. Failure to comply with the requirements of this rule may be cause for the court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an

<u>order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.</u>

The merely failure to conduct a good faith conference is by itself grounds to deny the pending motion. *Board of Trustees of the International Longshoremen's Association v. Eller Maritime Services, LLC*, 2009 WL 3584264 (S.D.Fla. Oct.28, 2009); See also *Muzaffarr v. Ross Dress for Less, Inc.* 2013 WL 1776656 (S.D.Fla.,2013)(Store's failure to confer with opposing counsel as required by local rules was by itself grounds to deny motion to reconsider decision not to hold oral argument on patron's motion for order compelling copy of surveillance video prior to deposition in slip-and-fall action against store).

In the current case, counsel for the Defendants never contacted the undersigned regarding the instant Motion to Strike. In addition, and for obvious reasons, no good faith certification was included in the Motion to Strike. This inaction by the Defendants was a clear violation of Local Rule 7.1(a)(3).  Perhaps had the parties had an opportunity to discuss the concerns raised within said Motion, the need to file same (and this subsequent Response) would have never arisen. The Defendants failure to comply with 7.3(a)(1) is sufficient grounds alone for this Court to deny the pending Motion to Strike, regardless of the merits of same.

**WHEREFORE,** for the above mentioned reasons, Plaintiff respectfully requests that the Court enter an Order: (1) denying Defendants Motion to Strike; (2) awarding Plaintiff all fees and costs associated with this Response; and (3) awarding all further relief this Court deems just and proper.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF to **Mauri Peyton, Esq.,** PeytonBolin, PL, 4758 W. Commercial Blvd., Fort Lauderdale, Florida 33319  (Email: mauri@peytonbolin.com and litigation@peytonbolin.com); on this **2<u>nd</u>** day of August, 2013.

Becker & Poliakoff, P.A.
*Attorneys for Plaintiff*
121 Alhambra Plaza, 10th Floor
Coral Gables, FL  33134
(305) 262-4433 Telephone
(305) 442-2232 Facsimile

By:  s/Adam Cervera
      ADAM CERVERA
      Florida Bar # 81679

ACTIVE: U06092/337499:4910523_1