UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80513-CV-HURLEY/HOPKINS

UNITED STATES OF AMERICA,

      Plaintiff,

v.

FOREST HILL GARDENS EAST
CONDOMINIUM ASSOCIATION,
INC., et al.,

      Defendants.

_____/

ORDER GRANTING IN PART MOTION FOR
ISSUANCE OF ESTOPPEL CERTIFICATES

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Issuance of Estoppel Certificates [ECF No. 9]. Plaintiff's undifferentiated motion[1] requests an order providing the following relief: (1) requiring Defendants to issue estoppel letters to Plaintiff; (2) requiring Defendants to accept all payments tendered by Plaintiff; and (3) requiring Defendants to allow Plaintiff to sell the "subject unit" free and clear of any liens or assessments. Motion 9 [ECF No. 9]. The motion is fully briefed and is ripe for adjudication. For the reasons to follow, the Court will grant the motion in part and deny the motion in part.

DISCUSSION

In support of the motion, Plaintiff cites section 718.116(8) of the Florida Condominium Act, Fla. Stat. § 718.101 ("Condominium Act"), which states as follows:

---

[1] *See Gordon v. Heimann*, 715 F.2d 531, 534 n.6 (11th Cir. 1983).

> Within 15 days after receiving a written request therefor from a unit owner or his or her designee, or a unit mortgagee or his or her designee, the association shall provide a certificate signed by an officer or agent of the association stating all assessments and other moneys owed to the association by the unit owner with respect to the condominium parcel.

Plaintiff also cites section 718.116(3), applicable to sub-associations, which states as follows:

> Any payment received by an association must be applied first to any interest accrued by the association, then to any administrative late fee, then to any costs and reasonable attorney's fees incurred in collection, and then to the delinquent assessment.   The foregoing is applicable notwithstanding any restrictive endorsement, designation, or instruction placed on or accompanying a payment.

Another provision, Fla. Stat. § 720.3085(3)(b), contains the same rule but applies to master associations.   These provisions seem to suggest that master- and sub-associations must accept payments notwithstanding any restrictive language included with the payment, such as an indication that the payment is made "under protest."

The Court will first address the request for certificates of assessments and then address Plaintiff's other requested relief.

### A.      Certificates Stating Assessments Owed

In its response to the motion, Defendants (the "Associations") raise both substantive and procedural objections to compliance with section 718.116(8).  Substantively, the Associations argue that providing certificates  is impossible during the course of pending litigation because the fees the Associations hope to recover will continue to increase as the litigation continues.   The statute, however, is mandatory and does not contain any exception based on pending litigation.  Furthermore, the Associations have not cited any cases justifying such an exception.  In addition, the Associations do not claim to have even attempted to comply with the statute by providing a certificate that states

2

all assessments but includes either a disclaimer that it only applies as of a certain date or lists an uncertain figure that reflects fees that have yet to be incurred.

The Associations also argue that the Plaintiff seeks equitable relief that should be barred under the doctrine of unclean hands.  The Associations note that they have previously provided certificates to Plaintiff and that Plaintiff has previously refused to pay assessments issued by the Associations.  However, the basis of this lawsuit is Plaintiff's claims that the assessments are invalid or inaccurate.  It would not be a bad-faith action to refuse to pay assessments genuinely believed to be invalid, at least not for the purpose of precluding Plaintiff from forcing the Associations to comply with their statutory obligation to provide certificates.  Considering that the purpose of obtaining the certificates is to arrange for the disputed fees to be paid, albeit "under protest," it is unclear why the Associations seek to keep the amount of the assessments a secret.  The need for secrecy is puzzling also because the Associations have filed a counterclaim for payment of the assessments but have not included any clue as to the amount of the assessments in their pleading. The Court therefore rejects the Associations' substantive objections to complying with the statute.

The Associations also raise procedural objections.  The Associations argue that an order compelling them to issue certificates would constitute either an order compelling discovery or a final judgment, both of which are improper at this time.  The Associations state that the requested certificates "would disclose the total amount owed to the association, including assessments, interest, late fees, collection costs, and attorneys fees," but that these amounts "will be provided as required by the Rules of Civil Procedure . . . in the course of proper and orderly litigation."  Response 2-3 [ECF No. 13].  The Associations note that "no discovery requests have yet been made[,] nor has the

time for initial disclosures elapsed." *Id.* at 3.

The Court cannot discern the significance of the Associations' observations. Regardless of whether the same figures would be revealed "in the course of proper and orderly litigation," the statute requires the Associations to certify the amounts of their assessments within fifteen days of Plaintiff's request. Nothing in the statute suggests the pending litigation excuses the Associations from compliance, and the Associations have cited no law suggesting that they can ignore the statute if the amount of the assessments they have issued will be revealed "in the course of proper and orderly litigation." Likewise, the Associations have not demonstrated any reason why ordering compliance would be premature at this time. The Associations point to no discovery that has yet to be conducted that would bear on the Court's decision or any reason why compliance should be delayed until this action has progressed any further, particularly in light of the statute's own fifteen-day deadline.[2]

In light of the foregoing, the Court finds the Associations are in violation of section 718.116(8) and will direct the Associations to comply with the statute.

### B.    Plaintiff's Other Requested Relief

Plaintiff also requests an order requiring Defendants to accept all payments tendered by Plaintiff and an order requiring Defendants to allow Plaintiff to sell the subject unit "free and clear"

---

[2]The provision's only reference to a means of enforcement is the authorization in section 718.116(8)(b) to bring a summary proceeding pursuant to Fla. Stat. § 51.011. Because the statute states that such a proceeding *may* be brought, the Court interprets this provision as permissive rather than mandatory, and in any event, the Associations have not argued or cited any law to suggest that it is improper to order compliance with the statute on a motion rather than in a proceeding under section 51.011.

4

of any liens or assessments.  As stated above, the former request relies on sections 718.116(3) and 720.3085(3)(b), which state that sub-associations and master-associations, respectively, must apply any payments they receive to accrued interest, late fees, attorney's fees incurred in collection, and finally to the delinquent assessments themselves *regardless* of any restrictive endorsement accompanying the payment.  In its motion, Plaintiff states that it intends to pay "under protest" whatever assessments the Associations claim Plaintiff owes but that the Associations have "made it abundantly clear that [they] will not accept any funds from Plaintiff unless Plaintiff dismisses the instant action."  Motion ¶ 16 [ECF No. 9].

The Associations oppose the motion on several bases.  First, the Associations argue that the effect of resolving Plaintiff's request would be to "adjudicate its liability for assessments," which is the proper subject matter for a motion for judgment, which would be premature at this time.  The Associations fail to make clear how an order requiring them to accept payment and apply it according to the statute regardless of any restrictive endorsement—i.e., a designation that the payment is made "under protest,"—adjudicates Plaintiff's liability for any assessments.  By ordering compliance, the Court would not make any finding as to Plaintiff's liability for any assessments.

The Associations also state that the effect of sections 718.116(3) and 720.3085(3)(b) is to render any restrictive endorsement without legal effect.  Response 5-6 [ECF No. 13].  The Associations do not explain why this observation, if true, should result in denial of Plaintiff's motion, and the Court can discern no reason why it should.  If the restrictive endorsement is a nullity, it seems all the more clear that the Associations should accept Plaintiff's proposed payment and process it according to the statute.

The Associations proceed to offer arguments that Plaintiffs would be unable to recover any payment made under protest without showing that the Associations attempted to coercively increase the amounts Plaintiff owes.  Again, the Court cannot work out the significance of the Associations' arguments.  The motion does not seek to recover any payments.  The motion simply seeks to compel the Associations to accept payments as required by statute.  Whether Plaintiff would ever be able to recover what it pays is irrelevant to whether the Associations must comply with the statutes.

Finally, the Associations suggest that payments made under protest for the purpose of clearing the way for sale of the unit to a third party would be nullified by the fact that Florida law holds a third-party purchaser jointly and severally liable for assessments, including costs incurred in litigation to collect fees, with Plaintiffs.  Taking this construction of Florida law as true, it is still unclear how joint and several liability would "nullify" a payment.  Furthermore, the Associations have provided no case law in support of their assertion.

The Court will therefore direct the Associations to process any payments tendered in the manner directed by the statute.  However, the Court will deny Plaintiff's request for an order requiring the Associations "to allow the subject unit to be sold free and clear of any liens for assessments."  Motion 6 [ECF No. 9].  This relief is speculative and does not relate to a specific violation of the Condominium Act.  The motion does not describe any sale that the Associations are precluding from taking place or by what specific impediments the Associations would frustrate a sale.  The Court's role is not to advise the parties to litigation how they ought to proceed.  Rather, the parties must act in the manner dictated by the law as they understand it and, if necessary, appeal to a Court to address any violations that have taken place.

6

Order Granting in Part Motion for Issuance of Estoppel Certificates
United States v. Forest Hill Gardens East Condominium Association, Inc.
Case No. 13-cv-80513-DTKH

## CONCLUSION

In light of the foregoing the Court will grant Plaintiff's motion in part, ordering the Associations to provide the required certificates in accordance with section 718.116(8) and to accept and process Plaintiff's payments pursuant to sections 718.116(3) and 720.3085(3)(b). The Court will deny the motion in all other respects.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1.      The motion [ECF No. 9] is **GRANTED IN PART** and **DENIED IN PART**.

2.      The Associations shall provide the certificates required by section 718.116(8), Fla. Stat., no later than **FIFTEEN (15) DAYS** after the date of this Order.

3.      The Associations shall accept and credit all payments tendered by the Plaintiff.

4.      In all other respects, the motion is **DENIED**.

**DONE** and **SIGNED** in chambers at West Palm Beach, Florida,  this 9th day of August, 2013.

Daniel T. K. Hurley
United States District Judge

*Copies provided to counsel of record*

For updated court information, visit unofficial website
at www.judgehurley.com