UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
9:13-cv-80513-DTKH (Hurley/Hopkins)

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FOREST HILL GARDENS EAST CONDOMINIUM ASSOCIATION, INC., and FOREST HILL GARDENS PROPERTY OWNERS' ASSOCIATION, INC.,

    Defendants.
_____/

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE

Forest Hill Gardens East Condominium Association, Inc., and Forest Hill Gardens Property Owners' Association, Inc., by and through their undersigned counsel hereby files this Reply to Plaintiff's Response to Defendants' Motion to Strike and in support thereof states as follows:

1. On or about June 16, 2013, Defendants filed their Answer, Affirmative Defenses, and Counterclaim against Plaintiff.

2. On or about July 7, 2013, Plaintiff filed its Answer to Counterclaim.

3. On or about July 19, 2013, Defendants filed their Motion to Strike Plaintiff's Answer and Deem Admitted Paragraphs Not Properly Denied in Answer to Counterclaim.

4. In its Motion to Strike, Defendants asserted that Plaintiff failed to properly admit or deny allegations as required by the Federal Rule of Civil Procedure 8(b), and that their facial denials were in fact admissions.

5. On or about August 2, 2013, Plaintiff filed its Response to Defendants' Motion to Strike, based on an alleged failure by the Defendants to comply with Local Rule 7.1(a)(3).

## ARGUMENT AND MEMORANDUM OF LAW

### Defendants Did Not Violate Local Rule 7.1(a)(3)

Under Local Rule 7.1(a)(3), The United States District Court for the Southern District of Florida requires attorneys to confer prior to the filing motions, except for enumerated motions including a motion to involuntarily dismiss an action. The functional effect of striking a defense is an involuntary dismissal. *Ham v. Aetna Life Ins. Co.*, 283 F. Supp. 153, 154 (N.D. Okla. 1968) ("the Court notes that the essential functions of a motion to strike and a motion to dismiss are practically identical. The purpose of the motion to strike an answer is to test its legal sufficiency.").

In this case, Defendants' Motion to Strike sought to strike several numbered paragraphs that were improper responses to the allegations of the counterclaim under Federal Rule of Civil Procedure 8(b). Specifically, Plaintiff "denies" the allegation of nonpayment in the counterclaim, but follows that denial, *in the same sentence*, with an admission that Plaintiff did not pay assessments. The effect of having these paragraphs stricken and deemed admitted would be the functional equivalent of motion for an involuntary dismissal. As such, the moving party should not be required to confer with opposing counsel prior to filing a motion to strike an answer under Local Rule 7.1(a)(3).

### Denial of Defendants' Motion is Not the Appropriate Remedy

Even if Defendants failed to confer in violation of Local Rule 7.1(a)(3), denial of the Defendants' Motion would not be the appropriate remedy. Denying a motion for failure to

confer is within this Court's sound discretion. *See Estrada v. Alexim Trading Corp.*, No. 10-civ-23696, 2012 WL 4449470 at *5 (S.D. Fla. Sept. 26, 2012). This is an extreme remedy that should be used as a last resort. *See id.* (stating that that the Court would decline to exercise the discretion to deny a motion and instead would consider other procedural challenges or move on to the merits of the motion.)

The purpose of Local Rule 7.1(a)(3) is to prevent wasting the court's time when the parties can agree independently to a particular motion. *F.T.C. v. First Universal Lending, LLC*, No. 09-civ-82322, 2011 WL 688744 at *2 (S.D. Fla. Feb. 18, 2011). However, such requirement has been waived for motions where conferral of counsel is an exercise in futility. *See* Local Rule 7.1(a)(3) (excepting motions for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss, etc. from the requirement for conferral). Clearly in this case, where the Defendants are seeking to strike Plaintiff's answer to their counterclaim, the parties cannot agree independently.

None of the cases cited by Plaintiff indicate that parties must confer prior to filing a motion to strike a pleading. Moreover, the motions in Plaintiff's cited cases were not denied purely based on counsel's failure to confer, but were denied because there were multiple procedural and factual grounds for denial. *Bd. of Tr. of the Int'l Longshoremen's Ass'n v. Eller Maritime Serv., LLC*, No. 08-civ-22320, 2009 WL 3584264, at *2-3 (S.D. Fla. Oct. 28, 2009) (the defendant failed to exercise due diligence in obtaining newly discovered evidence); *Muzaffarr v. Ross Dress for Less, Inc.*, No. 12-civ-61996, 2013 WL 1776656, at *3 (S.D. Fla. Apr. 25, 2013) (the defendant failed to show that its motion to reconsider was based on any new arguments).

While Local Rule 7.1(a)(3) permits the Court to deny a motion based on the failure to confer with opposing counsel prior to filing a motion, the Courts in their sound discretion have declined to deny motions solely based on this ground.  The Southern District cases demonstrate that the Court prefers to evaluate motions upon their merits in the interest of judicial economy. In a motion to strike a pleading such as the one before this Court, the Court should decline to exercise its discretion to deny the motion where conferral would have been futile.

## CONCLUSION

Defendants' Motion to Strike is the functional equivalent of seeking involuntary dismissal, and as such should not be subject to the requirements of Local Rule 7.1(a)(3). However, even if the Local Rule were to apply, the Court should entertain the motion on its merits because dismissal under Local Rule 7.1(a)(3) is a matter for the sound discretion of the Court.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via transmission of Notices of Electronic Filing generated by CM/ECF on this 12th day of Autust, 2013, on all counsel or parties of record on the Service List below.

/s/ Gian Ratnapala, Esq.
Florida Bar No.: 97342
gian@peytonbolin.com
litigation@peytonbolin.com
*Attorney for Defendants Forest Hill Gardens E. Condo. Ass'n, Inc., and Forest Hill Gardens Property Owners' Ass'n, Inc.*

PeytonBolin, PL
4758 West Commercial Boulevard
Fort Lauderdale, Florida 33319
Telephone: (954) 316-1339
Facsimile: (954) 727-5776

## SERVICE LIST

Steven M. Davis, Eq.
sdavis@becker-poliakoff.com
Adam Cervera, Esq.
acervera@becker-poliakoff.com
*Attorneys for Plaintiff*
*United States of America*

Becker & Poliakoff, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, Florida 33134
Telephone: (305) 262-4433
Facsimile: (305) 442-2232