UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
CASE NO.: 9:13-CV-80513-DTKH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FOREST HILL GARDENS EAST CONDOMINIUM ASSOCIATION, INC., and FOREST HILL GARDENS PROPERTY OWNERS' ASSOCIATION, INC.,

    Defendants.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT OR IN THE ALTERNATIVE MOTION FOR ENTRY OF JUDGMENT BY CONFESSION

Plaintiff, UNITED STATES OF AMERICA ("USA"), by and through its undersigned counsel, hereby files this Response to Defendants' Motion to Enforce Settlement Agreement or in the Alternative Motion For Entry of Judgment by Confession [D.E. 34] and alleges as follows:

### RELEVANT FACTS

1.     This action arises from a dispute between the Plaintiff and the Defendants regarding the amount of assessments owed to the Defendants, by Plaintiff, pursuant to Chapters 718 and 720 of the Florida Statutes.

2.     On October 1, 2012, prior to the date the instant litigation was filed, in response to an estoppel request sent by USA, counsel for the Sub-Association and Master Association, sent payoff demand letters encompassing all amounts allegedly owed to both the Master Association ($11,017.26) and Association ($19,960.22) totaling $30,977.48. The estoppel letter sought to collect certain amounts which Plaintiff believed to be inaccurate, inflated, and legally

uncollectible.

3. Plaintiff disputed the amounts listed within the estoppel letter and requested an updated and corrected estoppel letter numerous times. The Defendants refused to provide same.

4. After the instant lawsuit was filed, in an attempt to mitigate its damages, Plaintiff asked the Defendants, yet again, to provide an updated estoppel so that the Plaintiff could assess the total amount of money in which the Defendants were claiming as due and owing.

5. It has always been the Plaintiff's intention to make certain payments to the Defendants "under protest" in an effort to stop interest and late fees from accruing, and to sell the subject property.

6. On August 9, 2013, this Court entered an Order granting in part and denying in part Plaintiff's Motion for Issuance of Estoppel Certificates. [D.E. 21].

7. In relevant part, the Order required both Defendants to provide updated estoppel certificates, as required by §§ 718.116(8) and 720.30851, Florida Statutes, to the Plaintiff within fifteen days of the Order and to apply any payments pursuant to Statute.

8. On August 23, 2013, the Defendants provided "Confidential Settlement" communications[1] to the Plaintiff, in an effort to comply with this Court's August 9, 2013 Order.

9. The letters sent by the Defendants failed to comply with this Court's August 9, 2013 Order and §§ 718.116(8) and 720.30851.

10. Rather than provide detailed and itemized estoppel certificates, the Defendants provided "letters" to the Plaintiff demanding arbitrary amounts with no monthly/quarterly break-downs nor explanations as to how they arrived at the amounts claimed as due and owing.

---

[1] The Defendants provided four total letters on behalf of the Master Association and the Sub-Association. The initial two letters referenced amounts due and owing (to Master and Sub Association) on Unit 203, while the latter two letters referenced amounts due and owing (to Master and Sub Association) on Unit 205.

11. After receiving said letters, Plaintiff filed its Motion to Compel Compliance [D.E. 28] and sought the "re-issuance" of proper estoppel certificates from the Defendants.

12. In accordance with Plaintiff's original allegations, and the Court's August 9, 2013 Order, checks were sent in the amounts claimed so the Unit at issue could be sold.

13. On or around October 3, 2013, Defendants' filed their Motion to Enforce Settlement [D.E. 34], requesting that the Complaint be dismissed based on the full payment tendered by the Plaintiff.

14. On October 10, 2013, a hearing was held before the Court in which your Honor ordered Defendants' to provide updated and itemized estoppels on or before October 18, 2013. [D.E. 37].

## ARGUMENT AND MEMORANDUM OF LAW

A. **NO VALID SETTLEMENT AGREEMENT EVER EXISTED BETWEEN THE PARTIES**

Defendants have taken the position that because Plaintiff paid all amounts due and owing on Unit 6048-203, the Parties have reached a "settlement agreement", which has fully resolved the instant action and thus Plaintiff must now dismiss this matter. To support this, Defendants note that within their previously issued estoppel certificates (which were only produced upon a previous order of the Court) they included a sentence which stated "you may accept this offer by remitting payment as set forth above." [D.E. 34, pg. 5, ¶ 3). Defendants go on to state within their Motion that the estoppel letter was intended to serve as a settlement offer and that the Plaintiff "accepted" their offer once payment was tendered.

Plaintiff's intention from the inception of this lawsuit has always been to pay all amounts claimed as due and owing by the Defendants', under protest, so that the Unit could be sold while

preserving the Plaintiff's right to litigate the validity of the monetary amounts sought by the Defendants'. When it received Defendants' estoppel certificates for Unit 6048-203 on August 23, 2013, the undersigned counsel immediately notified the Plaintiff, and its Contractor, CWIS, LLC. The undersigned advised the Plaintiff's Contractor via phone and email that the monies sought by the Defendants needed to be tendered immediately so the subject property could be sold. The undersigned also advised CWIS, LLC that the payments were being paid "under protest" and same needed to be reflected on the checks memo lines.

In addition, the undersigned requested that the checks for Unit 6048-203 be sent directly to him so that he could forward same to the Defendants counsel with a cover letter advising Defendants that the payments were being made under protest. Despite these clear instructions, a clerk at the Plaintiff's Contractor's office mistakenly mailed the checks to the Defendants counsel directly and failed to write "under protest" in the memo line. The undersigned did not learn of the mistake until after the checks cleared.

Despite this inadvertent mistaken failure to write, "under protest" within the check's memo line, the Plaintiff had no desire to "settle" this case in full, as clearly evidenced by its subsequent Motions to Compel Proper Estoppel Certificates [D.E. 28], as well as its Reply in Opposition to Defendants Response to said Motion [D.E. 35].

The Defendants have known from the onset of this litigation that the Plaintiff's entire purpose for bringing suit (as outlined in the Amended Complaint) [D.E. 20, ¶ 37-49 and ¶ 50-55] was to determine whether the amounts claimed as delinquent were in fact properly assessed and that the Plaintiff intended to pay the monies, continue to litigate and have the Court ultimately decide if it was entitled to a refund. Based on this, it would have been impossible for the Defendants to reasonably believe that the Plaintiff had "settled" this matter simply because it had

tendered funds to the Associations so that their property could be sold and their damages mitigated. Plaintiff has made it abundantly clear from the start that it was going to tender the alleged delinquent monies to the Defendants once the estoppel figures were provided, and that it wished to preserve its right to litigate over the validity of said fees and charges within the estoppel certificates.

### B.   THE PAYMENT OF FUNDS BY PLAINTIFF DID NOT CONSTITUTE A JUDGMENT BY CONFESSION

In the alternative to the request of this Court to enforce Defendants' alleged "settlement agreement", the Associations have also sought the entry of judgment in their favor based on the "confession" of the Plaintiff. Specifically, the Defendants claim that when Plaintiff tendered payment in full for Unit 6048-203, the payment was the equivalent of a judgment by confession. [D.E 34, pg. 8, ¶ 3].

Without repeating all of the arguments listed above in Section A, Plaintiff reaffirms its position it has always desired to pay all amounts that were claimed to be owed on the Unit, under protest, while preserving its right to ultimately challenge the validity of the amounts sought by the Defendants. The case at issue is not "settled" or resolved, as the Plaintiff's main point of contention is still at issue (i.e. the validity of the fees and charges sought by the Association) and it still has a legally cognizable interest in the litigation. The Plaintiff was forced to pay the monies owed on Unit 6048-203 to the Associations because it had a pending sale for the Unit that needed to close by the sale contract's deadline and Defendants had liened the Unit. Had Plaintiff not paid the monies it would have lost a substantial amount of money (via the sale proceeds) and would have been further harmed financially by the actions of the Defendants. In addition, Plaintiff owed a duty to mitigate its damages, which it has now done by paying the

contested monies under protest and seeking to continue litigating whether or not the amounts were in fact just and proper.

All of the case law relied on by the Defendants' within their Motion [D.E. 34, pg. 8-9] is inapplicable and distinguishable to the current situation as they involve the payment of insurance proceeds in situations in which the insurance company had <u>agreed</u> to settle a disputed case. In the current case, no settlement agreement was ever reached between the parties and the Plaintiff has simply protected its own financial interest, while mitigating its damages, by paying the contested amounts and selling Unit 6048-203. Plaintiff should now have the right to litigate the actual substantive legal issues presented in this case and have the Court determine whether or not the amounts sought by the Defendants were proper.

WHEREFORE, for the above mentioned reasons, Plaintiff respectfully requests that the Court enter an Order: (1) denying Defendants Motion to Enforce Settlement Agreement or in the Alternative Motion for Judgment by Confession; and (2) awarding Plaintiff all further relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF to **Mauri Peyton, Esq.,** PeytonBolin, PL, 4758 W. Commercial Blvd., Fort Lauderdale, Florida 33319 (Email: mauri@peytonbolin.com); on this **21st** day of October, 2013.

> Becker & Poliakoff, P.A.
> *Attorneys for Plaintiff*
> 121 Alhambra Plaza, 10th Floor
> Coral Gables, FL  33134
> (305) 262-4433 Telephone
> (305) 442-2232 Facsimile
>
> By: _____
> ADAM CERVERA
> Florida Bar # 81679

ACTIVE: U06092/337499:5130199_1