UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80513-CV-HURLEY/HOPKINS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FOREST HILL GARDENS EAST
CONDOMINIUM ASSOCIATION,
INC. and FOREST HILL GARDENS
PROPERTY OWNERS'
ASSOCIATION, INC.

    Defendants.
_____/

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT

The simplest description of this case is that it involves a dispute between a bank, which foreclosed a first mortgage, and a condominium association. In fact, however, the plaintiff is the United States of America,[1] suing on behalf of the Secretary of the Department of Housing and Urban Development ("HUD"), as the successor to two separate banks, each of which foreclosed a first mortgage, and – to add an extra layer of complexity – the condominium in question is situated on land controlled by a homeowners' association. Their dispute raises the primary question: What is the financial obligation of a foreclosing first mortgagee to a condominium association when the unit owner not only defaulted on the mortgage but also failed to pay condominium assessments? The condominium association claims the mortgagee is liable for all unpaid assessments, together with other fees and charges, including attorney's fees, levied

---

[1] The court has jurisdiction because the plaintiff is the United States. *See* 28 U.S.C. § 1345 ("[T]he district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."). Venue is proper because the cause of action accrued in Palm Beach County, Florida, located in the Southern District of Florida. *See* 28 U.S.C. § 1391(b)(2).

against the unit in the twelve-month period prior to foreclosure. The mortgagee, on the other hand, contends it is entitled to the protection of a statutorily-created "safe harbor" which limits its liability. Upon careful consideration, the court concludes that the mortgagee's position is correct and, thus, it is entitled to partial summary judgment.

Condominium ownership offers the opportunity to own a unit in fee simple while benefitting from various common elements, *e.g.*, swimming pool, manicured grounds, gym, reception area, professional staff, and other amenities which enhance the value and enjoyment of the property. Condominium ownership is regulated by chapter 718, Florida Statutes, and by the condominium's declaration and duly-enacted by-laws.[2] Each year the condominium association conducts a meeting to elect its board of directors and adopt a budget.[3] The cost for common expenses is then apportioned among all units on a pro rata basis.[4] In the event of unanticipated common expenses, the board is authorized to levy special assessments.[5] Furthermore, the board may establish deadlines for the payment of these assessments and, in the event of a delinquency, it may impose late fees and interest charges.[6]

The defendant, Forest Hill Gardens East, is a 284-unit condominium in West Palm Beach, Florida. Units 203 and 205 were purchased after each owner obtained a mortgage loan and granted a first mortgage to secure repayment. Wells Fargo Bank, N.A. became the mortgagee for unit 203 and MidFirst Bank became the mortgagee for unit 205. The owners of both units defaulted on their mortgage payments and also failed to pay their regular periodic

---

[2] *See* §§ 718.104, .112(1)(a), Fla. Stat.

[3] § 718.112(2)(d)-(e), Fla. Stat.

[4] § 718.115(2), Fla. Stat. (providing that common expenses be collected "in the proportions or percentages provided" in the condominium's declaration).

[5] §718.112(2)(c)1, Fla. Stat.; *see* § 718.103(24), Fla. Stat. (defining "special assessments").

[6] § 718.116(3), Fla. Stat.

2

condominium assessments.  The condominium association, in an effort to collect the delinquent assessments, levied additional charges against both units.  Also, the banks foreclosed on the first mortgages.

The mortgages on units 203 and 205 were insured and guaranteed by the U.S. Department of Housing and Urban Development ("HUD") pursuant to the National Housing Act, 12 U.S.C. §§ 1701–1750jj.  Thus, upon foreclosure by the banks, the Secretary of HUD paid insurance benefits and thereby became the successor and assignee to the first mortgagees.  In an effort to determine its liability to the condominium association for the owners' delinquencies prior to foreclosure, HUD requested estoppel certificates from the associations. In response, the condominium association provided affidavits by its collections manager, claiming that HUD is liable for unpaid assessments, interest, attorney's fees and "other costs . . . incident to the collection process."

## DISCUSSION

A. **HUD'S LIABILITY TO THE CONDOMINIUM ASSOCIATION FOR UNPAID ASSESSMENTS PRIOR TO TAKING TITLE**

In the event of an unpaid assessment, a condominium association is authorized to charge interest and late fees. *See* § 718.116(3), Fla. Stat.  Forest Hills Gardens East's declaration of condominium sets the rate of interest at 18% and additionally makes the unit owner liable for the costs of collection plus reasonable attorney's fees.  The liability of a foreclosing first mortgagee for a unit owner's unpaid assessments is addressed in section 718.116(1)(b)1, Florida Statutes, which provides as follows:

> The liability of a first mortgagee or its successor or assignees who acquire title to a unit by foreclosure or by deed in lieu of foreclosure for the unpaid assessments that became due before the mortgagee's acquisition of title is limited to the lesser of:

> a. The unit's unpaid common expenses and regular periodic assessments which accrued or came due during the 12 months immediately preceding the acquisition of title and for which payment in full has not been received by the association; or
>
> b. One percent of the original mortgage debt.

In applying this provision, the court is mindful that the starting point for all statutory interpretation is the language of the statute itself. *See United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989). "The first rule in statutory construction is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute. If the statute's meaning is plain and unambiguous, there is no need for further inquiry." *United States v. Fisher*, 289 F.3d 1329, 1337–38 (11th Cir. 2002). This is so because courts presume that the Legislature "said what it meant and meant what it said." *Rine v. Imagitas, Inc.*, 590 F.3d 1215, 1222 (11th Cir. 2009) (internal quotation marks omitted).

Florida's Third District Court of Appeal described section 718.116(1)(b)1 as a "safe harbor" which provides "a statutory cap on liability of foreclosing mortgagees . . . ." *Bay Holdings, Inc. v. 2000 Island Blvd. Condo. Ass'n*, 895 So.2d 1197, 1197 (Fla. 3d DCA 2005). This provision specifies a fact, *viz.*, the existence of unpaid assessments, which triggers a foreclosing first mortgagee's liability to the condominium association. That liability is limited to the lesser of (1) the unit's unpaid *common expenses* and *regular periodic assessments* which accrued or came due in the twelve-month period before the first mortgagee took title or (2) one percent of the original mortgage debt. The dispute in this case focuses on the first option, and thus the question is whether interest, late fees, collection costs and attorney's fees are properly included under "common expenses" or "regular periodic assessments." The court concludes that the answer is "no."

4

The term "common expenses" is defined broadly in section 718.115(1)(a) to encompass costs which benefit the condominium as a whole. Thus, common expenses include the costs "of the operation, maintenance, repair, replacement, or protection of the common elements . . . ." § 718.115(1)(a), Fla. Stat. Examples include repairs to the roof, elevators or swimming pool. The necessity that the common expenses represent a benefit or burden to the condominium as a whole is underscored by section 718.115(2)'s requirement that "funds for payment of the common expenses . . . shall be collected by assessments against [all] the units in that condominium . . . ." The case of *Elbadramany v. Oceans Seven Condominium Ass'n*, 461 So.2d 1001 (Fla. 5th DCA 1984) is instructive on this point. There, a unit owner was found to have violated a condominium rule by parking his boat and trailer in the condominium parking lot. After repeated notices, the association imposed a fine of $5.00 per day, which eventually totaled $930.00. Thereafter, the association filed a suit to foreclose its lien and it prevailed in the trial court. The appellate court reversed, however, finding that, despite the association's labelling the fine as a common expense, it was in fact an individualized charge. The court noted that "[t]he purpose of the fine was to punish [the offending unit owner] or to induce him to curb his perceived errant ways; the fine, like all fines, was directed at the offending party. Thus, the fine was not collectible from all the unit owners." *Id.* at 1002. Consequently, the fine failed to meet section 718.115(2)'s requirement for a common expense and, therefore, could not serve as a predicate for a lien foreclosure. Similarly in the case at bar, interest fees, late charges, collection costs and attorney's fees are individualized charges, assessed against one, delinquent unit. Thus, they do not satisfy the statutory requirement for a common expense.

By the same token, interest, late charges, collection costs and attorney's fees do not constitute "regular periodic assessments." Section 718.103(1) defines "assessment" to mean "a

5

share of the funds which are required for the payment of common expenses, which from time to time is assessed against the unit owner." § 718.103(1), Fla. Stat.  In this context, the adjective "regular" differentiates normal from special assessments, while the adjective "periodic" suggests multiple dates on which the assessment is due and payable, *i.e.*, monthly, quarterly or whatever period is set by the condominium's declaration or by-laws.  Individualized charges such as interest, late fees, collection costs and attorney's fees simply do not fit within the statutory or common sense understanding of "regular periodic assessments."[7]

One hesitates to speculate on the policy underlying section 718.116(1)(b)1, but by limiting a foreclosing first mortgagee's liability to certain, readily verifiable figures, the Legislature smoothed the way for the prompt sale of a condominium unit following foreclosure. On the other hand, if individualized charges – attorney's fees and costs of collection, etc. – are added to the equation, the door is open wide for disputes as to reasonableness and necessity. Counsel for HUD represented to the court during oral argument that two potential sales were lost due to the protracted nature of this litigation.  Properly applied, section 718.116(1)(b)1 provides certainty to the resale process and removes potential impediments to reconstituting the condominium community.[8]

---

[7] This holding is consistent with numerous Florida circuit courts that have also not permitted condominium associations to recover late fees, interest, collection costs, or attorney's fees from first mortgagees under § 718.116(1)1.  *See* Order on Plaintiff's Motion to Enforce Judgment at 2, As Lily, LLC v. Brisel Vasquez, No. 2008-CA-38837 (Fla. 11th Cir. Ct. Aug. 26, 2013); Federal National Mortgage Association v. Cordoba at Beach Park Condominium Association, Inc., No. 12-CA-004997, 2012 WL 6916814 (13th Cir. Ct. Oct. 8, 2012); Bank of America v. Bermuda Dunes Private Residences Condominium Association, Inc., No. 48-2012-CA-005645, 2012 WL 6916810 (9th Cir. Ct. Sept. 27, 2012); Bank of New York v. Mirador 1200 Condominium Association, Inc., No. 11-05694CA09, 2012 WL 6916808 (Fla. 11th Cir. Ct. June 14, 2012); Order Granting Plaintiff's Emergency Motion for Post-Judgment Relief Under and Enforcement of Final Judgment of Foreclosure at 5 ¶11, Ocean Bank v. Chuny's Corp, No. 08-CA-80395 (Fla. 11th Cir. Ct. Jan. 31, 2012); HSBC Bank USA v. Renaissance Villas Condominium Association, Inc., No. 11-CA-002853, 2011 WL 9919181 (Fla. 13th Cir. Ct. Sept. 21, 2011); HSBC Bank USA v. The Villas Condominium Association, Inc., No. 11-CA-002427, 2011 WL 9919180 (Fla. 13th Cir. Ct. June 23, 2011);  Order, Fremont Investment and Loan v. Gail Winston Roache [sic], No. 08-cv-28838 (Fla. 11th Cir. Ct. Dec. 28, 2009).

[8] Condominium ownership gained wide acceptance because of the obvious benefits of communal living.  The recent recession, however, has shown an unexpected downside.  The court is aware of several instances where unit owners

Another aspect of this case brings to mind the old adage that an honest man's word is as good as his bond. One would think this doubly true of a corporate entity that published its charter so that purchasers and lenders could rely upon it.[9] Section 7.7 of the Forest Hill Gardens East's declaration of condominium, filed in the public records of Palm Beach County, contains the following provision regarding the liability of foreclosing first mortgagees.

> NON-LIABILITY OF MORTGAGEE OF RECORD: *when the mortgagee of a first mortgage of record obtains title to a unit as a result of foreclosure of its first mortgage*, or when the mortgagee of a first mortgage of record accepts a deed in lieu of foreclosure, *such acquirer of title*, its successors and assigns, *shall not be liable for the share of common expenses or assessments by the Association pertaining to such unit*, or chargeable to the former unit owner of the unit, w*hich became due prior to acquisition of title* as a result of the foreclosure or the acceptance of such deed in lieu of foreclosure.[10]

The plain, unambiguous language of section 7.7 would seem to exempt HUD from all liability for past unpaid assessments. The association, however, maintains that section 7.7 is no longer valid. The provision was contained in the original declaration of condominium, recorded on October 28, 1980, but the association contends it was nullified by implication when the Florida Legislature amended section 718.116(1) in 1991.[11] In advancing this argument, the association has not pointed to any language in the Legislature's enactment that even hints of such an intent. Moreover, repeal or invalidation by implication is not favored and generally will not be presumed absent a clear legislative intent. *See generally Hui v. Castaneda*, 559 U.S. 799, 810 (2010). The question then becomes whether there is some principle or rule that would prevent a

---

have been confronted with supplementary assessments to maintain air conditioning and other mold retardation measures in units which have been vacated during protracted foreclosure proceedings. The expeditious resolution of these proceedings together with a prompt sale advances the best interests of all parties.

[9] *See Aquarian Foundation, Inc. v. Sholom House, Inc.*, 448 So. 2d 1166, 1167 (Fla. 3d DCA 1984) (reasoning that "strict enforcement of the restrictions of an association's private constitution, that is, its declaration of condominium, protects the members' reliance interests in a document which they have knowingly accepted . . . .").

[10] Declaration of Condominium, § 7.7 [ECF No. 61] (emphasis added).

[11] Fla. CS for 1465 § 9 (1991) (introducing current § 718.116(1), Fla. Stat.)

7

condominium association from granting more favorable treatment to a foreclosing first mortgagee than that required by statute. The court is aware of none.

Section 18.1 of the Forest Hill Gardens East's declaration of condominium, recorded in 1980, contains two significant provisions. First it states "the *present provisions* of the Condominium Act of the State of Florida are incorporated by reference and included herein." Second, it states, "the provisions of this Declaration . . . shall be paramount to the Condominium Act as to those provisions where permissive variances are permitted." Accordingly, the court rejects the association's contention that section 7.7 of its declaration is invalid.[12] In reliance thereon, the court holds that HUD has no liability to the condominium association for any past unpaid assessments that accrued prior to taking title, *i.e.*, November 9, 2010 for unit 203 and November 23, 2010 for unit 205.

> B. HUD'S LIABILITY TO THE PROPERTY OWNERS' ASSOCIATION FOR UNPAID ASSESSMENTS PRIOR TO TAKING TITLE

Like the condominium association, the property owners' association seeks past-due assessments, interest, and "other costs . . . incident to the collection process" that accrued before the banks and HUD took title. In addition, the property owners' association seeks late fees.

Homeowners' associations are regulated by chapter 720, Florida Statutes, and by the association's declaration and its duly-enacted by-laws.[13] Much like chapter 718, chapter 720 contains a "safe harbor" which limits the liability of foreclosing first mortgagees. Section 720.3085(2)(c), Florida Statutes, provides as follows:

---

[12] The association could have, had it chosen to, revised its declaration to incorporate by reference a future enactment of the Condominium Act. Florida law permits an association to incorporate an act, as it is amended, if the declaration includes this expression of intent. *See Kaufman v. Share*, 347 So. 2d 627, 627 (Fla. 3d DCA 1977) (holding that subsequent amendments to the Florida Condominium Act became incorporated into a declaration of condominium that adopted the "the provisions of the Condominium Act as presently existing, or as it may be amended from time to time . . . .").

[13] § 720.303, Fla. Stat.; *see* § 720.301(8), Fla. Stat. (defining "governing documents").

> Notwithstanding anything to the contrary contained in this section, the liability of a first mortgagee, or its successor or assignee as a subsequent holder of the first mortgage who acquires title to a parcel by foreclosure or by deed in lieu of foreclosure for the unpaid assessments that became due before the mortgagee's acquisition of title, shall be the lesser of:
>
> 1. The parcel's unpaid common expenses and regular periodic or special assessments that accrued or came due during the 12 months immediately preceding the acquisition of title and for which payment in full has not been received by the association; or
>
> 2. One percent of the original mortgage debt.

Once again, the existence of unpaid assessments is the fact which triggers the foreclosing first mortgagee's liability to the homeowners' association. Inasmuch as the dispute in this case focuses on the first option, the question is whether the terms "unpaid common expenses" and "regular periodic or special assessments" encompass interest, late fees, collection costs, and attorney's fees that have been levied against a delinquent unit.

There is an insignificant difference between the verbiage of the safe harbor provisions in chapters 718 and 720. For condominium associations, the safe harbor limits liability to twelve months of "unpaid common expenses and regular periodic assessments." § 718.116(1)(b)1.a, Fla. Stat. For homeowners' associations, the safe harbor limits liability to twelve months of "unpaid common expenses and regular periodic or *special assessments*." § 720.3085(2)(c)1, Fla. Stat. (emphasis added). The different formulations do not alter the fact that interest, late fees, attorney's fees, and collection costs are individualized charges which do not fall within the categories of common expenses or regular periodic or special assessments. Chapter 720 does not define "common expenses," but it does define "assessments" to be synonymous with "amenity fees." § 720.301(1), Fla. Stat. Taken together, these terms infer a shared expense among all the units of the homeowners' association for a common good, not an individualized penalty to induce compliance. Furthermore, chapter 720 specifically provides that "special assessments[s]

9

must be in the member's proportional share of expenses as described in the governing document . . . ." § 720.308(1)(a), Fla. Stat. In short, chapter 720's statutory safe harbor includes only those expenses and assessments that the unit owners' share collectively, a shared benefit and burden that does not include amounts for interest, late fees, attorney's fees, and costs incidental to the collection process. Accordingly, the court holds that the HUD has no liability to the property owners' association other than the common expenses and unpaid assessments that "accrued or came due" prior to taking title, *i.e.*, November 9, 2010 for unit 203 and November 23, 2010 for unit 205.

### C. HUD'S POST-TITLE LIABLITY TO THE ASSOCIATIONS

Upon taking title from the mortgagors, the banks and HUD became unit owners. Under chapters 718 and 720, as "unit owners" they are "liable for all assessments which come due" during their ownership.[14] If any of these assessments were not paid on a timely basis, HUD – as any other unit owner – is responsible for any interest, late fees, and other costs that are authorized by statute,[15] the appropriate declarations, and their by-laws.

### CONCLUSION

For the reasons set forth above, the court concludes that the United States has demonstrated its entitlement to partial summary judgment.

Accordingly, it is hereby

**ORDERED** and **ADJUDGED** that:

1. Plaintiff United States of America's Motion for Summary Judgment [ECF No. 52] is **GRANTED IN PART**.

---

[14] §§ 718.116(1) Fla. Stat.; § 720.3085(2)(a), Fla. Stat.

[15] § 718.116(3), Fla. Stat.; *see also* § 720.3085(3), Fla. Stat.

Case 9:13-cv-80513-DTKH   Document 66   Entered on FLSD Docket 01/03/2014   Page 11 of 11
Order Granting Plaintiff's Motion for Summary Judgment in Part
*United States v. Forest Hills*, No. 13-80513-CV-Hurley/Hopkins

2. Defendants Forest Hill Gardens East Condominium Association, Inc. and the Forest Hill Gardens Property Owners' Association, Inc.'s Motion for Summary Judgment [ECF No. 55] is **DENIED.**

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 3rd day of January, 2014.

Daniel T. K. Hurley
United States District Judge

*Copies provided to counsel of record*

Case 9:13-cv-80513-DTKH   Document 66   Entered on FLSD Docket 01/03/2014   Page 11 of 11
Order Granting Plaintiff's Motion for Summary Judgment in Part

11